James T. **FLORIAN**

v.

**HIGHLAND LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, Robert Burton, Ronald Leonard, James Black.**

Civ. A. No. C 83–2177 A.

United States District Court,
N.D. Ohio, E.D.

Sept. 15, 1983.

Ronald G. Macala, Canton, Ohio, for plaintiff.

Donald C. Scriven, Cleveland, Ohio, John C. Burkholder, Columbus, Ohio, for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Plaintiff James T. Florian brings this suit in an attempt, once again, to overturn the defendant Highland Local School District's decision to fire him. Joined as defendants are three members of the school board who Florian claims were personally biased against him, and therefore incapable of fairly considering the issue of his contract termination. Pending before this Court are defendants' Motions for Summary Judgment. Upon consideration, the motions are granted.

Jurisdiction is premised on 28 U.S.C. § 1331 and 42 U.S.C. §§ 1983 and 1985.

## FACTS

The relevant facts are not in dispute and are set forth in the Ohio Court of Appeals' decision in *Florian v. Highland Local School District Board of Education,* No. 1203 (Medina Co. March 16, 1983). Florian, a wrestling coach and guidance counselor in the Highland Local School District, was dis-charged in May of 1982 for twice directing a freshman high school student, who was a wrestling team member, to lie and cheat during a wrestling tournament. In his capacity as head wrestling coach, Florian instructed a freshman team member to weigh in under the weight class of another team member so that the latter member, who was overweight, could wrestle in his weight class. When subsequently confronted with these allegations, Florian admitted his wrongdoing and voluntarily resigned his position as wrestling coach. The Highland Local School District Board of Education (the "Board") then instituted proceedings pursuant to O.R.C. 3319.16[1] to terminate Florian's continuing counseling contract as well.

Florian demanded and received a hearing before an impartial referee. The referee found Florian's conduct was

> ... directly related to the performance of the teacher's duties for the Board and directly involved students in the context of a school related activity, meets the requisite character of immorality and other good and just cause, to warrant termination in accordance with the statute....

*Florian v. Highland Local School District Board of Education, supra.* On May 24, 1982, the Board voted to accept the referee's recommendation and terminated Florian's employment. On June 23, 1982, Florian filed suit in the Medina County Court of Common Pleas, challenging the Board's decision. His termination was affirmed by the Common Pleas Court, and on appeal by the Ohio Court of Appeals. The trial and appeals courts considered and rejected Florian's numerous contentions, among them that: 1) it was error to conclude that his conduct constituted immorality under the statute; 2) the Board's decision to terminate him was contrary to the manifest weight of the evidence and disproportion-

---

1. O.R.C. 3319.16 provides in pertinent part:
   ... The contract of a teacher may not be terminated except for gross inefficiency or immorality; ... or for other good and just cause.... [T]he teacher may file ... a written demand for a hearing before the board or before a referee, ... After consideration of the referee's report, the board by a majority vote may accept or reject the referee's recommendation on the termination of the teacher's contract.

ately harsh; 3) it was error to rely on Florian's misconduct as wrestling coach as grounds for terminating his guidance counselor's contract; 4) the immorality provisions in the statute were vague and overbroad; 5) O.R.C. 3319.16 is unconstitutional; and 6) Florian had been denied due process because of the bias and prejudice of the Board.

Florian did not appeal to the Ohio Supreme Court. Instead, he filed suit in this Court on May 24, 1983, naming the Board of Education and three members of the Board, specifically, as defendants. In his complaint, Florian again alleges that he was denied due process by virtue of the three board members' alleged animus and bias. The defendants now move for summary judgment on the basis that Florian's suit is barred by the doctrine of *res judicata.*

## CONCLUSIONS OF LAW

### I. Res Judicata

### A. The Board of Education

■ "Under *res judicata,* a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). The *Allen* court held that the doctrines of *res judicata* and collateral estoppel should apply with equal force in suits brought under 42 U.S.C. § 1983. *Id.* at 104–105, 901 S.Ct. at 419–420. The doctrine that federal courts must give the same preclusive effect to state court judgments as would be accorded those judgments in the state courts from whence they emerged is likewise applicable in actions bringing constitutional challenges which originate from civil disputes. *See, Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 102 S.Ct. 1883, 1891, 1894–1895, 72 L.Ed.2d 262 (1982).

■ It is clear that Florian's claim that the Board members were improperly motivated by some personal bias or hostility against him has been repeatedly considered in his prior actions against the Board at the state court level. The referee considered it; the Court of Common Pleas examined the issue; and the Ohio Court of Appeals addressed the allegation in Florian's assignment of errors. This Court is now prohibited from "freshly deciding constitutional claims previously litigated in state courts." *Id.* at 1895.

### B. Members of the Board Individually

■ In his prior state suit, Florian named only the Board of Education as a defendant. In the instant suit, he has named three specific members of the Board in both their individual and official capacities. This Court must now consider whether the three Board members are "privies" of the party defendant Board of Education, and are thereby shielded from Florian's attempt to relitigate his due process claim against them. "Where the issues in separate suits are the same, the fact that the parties are not precisely identical is not necessarily fatal." *Sunshine Anthracite Coal Co. v. Adkins,* 310 U.S. 381, 402, 60 S.Ct. 907, 916–17, 84 L.Ed. 1263 (1940). Moreover, privity exists between officers of the same government so that a judgment in a suit between a party and a representative of the government is *res judicata* in relitigation of the same issue between that party and another officer of the government. *Id. See also, Boone v. Kurtz,* 617 F.2d 435 (5th Cir.1980) (prior suit against IRS agents is *res judicata* in subsequent suit against IRS Commissioner).

■ In the present case, defendant Board members Burton, Leonard and Black were members of the Board who approved the referee's termination recommendation, and were members of the Board which was named as a defendant in the state court proceedings. Clearly, these Board members are "persons for whose benefit and at whose direction a cause of action is litigated" and who "... therefore cannot be said to be strangers to the cause ..." *Montana v. United States,* 440 U.S. 147, 154, 99 S.Ct. 970, 974, 59 L.Ed.2d 210 (1978). Where such is the case, and particularly where the causes of action in state and federal court are identical, this Court finds, as the *Montana*

court did, that relitigation is precluded. *Id.* In conclusion, Florian has not disputed or even addressed the issue of *res judicata* and defendants' contentions on this issue are uncontroverted.

### II. *Improper Motive is Immaterial*

 Even if *res judicata* were not a barrier to Florian's due process claim, defendants would still be entitled to judgment as a matter of law. Florian's claim that his termination by the Board should be overturned due to individual Board members' improper motive is unsupported by case law. Rather, impermissible motive is of no consequence when a school board is legally entitled to dismiss a teacher. *Mt. Healthy City School District v. Doyle,* 429 U.S. 274, 285, 97 S.Ct. 568, 575, 50 L.Ed.2d 471 (1977). This Court need not consider Florian's allegation that he was fired, in part, because three members of the school Board did not like him. Even if members of the Board were personally biased when they considered whether to terminate Florian's contract for telling a student wrestler to lie and cheat, the Board was legally authorized under O.R.C. 3319.16, and *Mt. Healthy,* to fire Florian for the misconduct to which he admitted.

The Board's termination proceedings, beginning with notice and a hearing before an impartial referee, complied with Ohio law and afforded Florian the due process to which he was entitled under the statute. Moreover, the Board members are governmental officials· who are shielded from civil liability when their conduct does not violate clearly established statutory or constitutional rights. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). The reasonableness of the Board members' conduct is to be measured by reference to clearly established law, in this case O.R.C. 3319.16. *Id.* at 2739. Clearly, the Board members' conduct conformed to the statute and is not unreasonable when thus measured.

In conclusion, this Court notes that Florian's reliance on *Parrish v. Board of Commissioners of the Alabama State Bar,* 533 F.2d 942 (5th Cir.1976) (for the proposition that summary judgment should not be granted until discovery is completed) is inapplicable to the instant case. *Parrish* was a race discrimination case in which evidence of improper motive and bias was critical. As outlined above, evidence of the individual Board members' bias or animus is immaterial in the instant case. There is no reason to defer the granting of summary judgment until after Florian has been given time to discover irrelevant evidence.

Defendants' Motions for Summary Judgment are granted; plaintiff's Motion for a Stay or Continuance is denied.

IT IS SO ORDERED.