The STATE, ex rel. GILL, Appellant and Cross-Appellee,

v.

WINTERS, Mayor, Appellee and Cross-Appellant.*

[Cite as *State, ex rel. Gill, v. Winters* (1990), 68 Ohio App.3d 497.]

Court of Appeals of Ohio,
Jackson County.

No. 600.

Decided July 9, 1990.

---

* From the record herein, it is apparent that Hilbert Winters had ceased to hold the office of Mayor of the city of Wellston during the proceedings below. When a public officer is a party to an action in his official capacity and during its pendency ceases to hold office, the action does not abate and his successor is automatically substituted as a party. Civ.R. 25(D)(1). Accordingly, his successor, Mayor Carey, should have been substituted herein.

498

*Lorene G. Johnston,* for appellant and cross-appellee.

*Kyle R. Gilliland,* Law Director, and *Leonard F. Holzapfel,* for appellee and cross-appellant.

HARSHA, Judge.

This case has a long and tortured history before this court.[1] Now at issue is an appeal and cross-appeal from a judgment entered by the Jackson County

1. On December 17, 1985, appellant filed a complaint for a writ of mandamus which alleged the following. Appellant, a member of the volunteer fire department of the city of Wellston, was advised that he was qualified to take a competitive promotional examination for the position of Second Assistant Fire Chief for the City of Wellston Fire Department. On November 2, 1985, the Wellston Civil Service Commission conducted the examination and appellant as well as four others took the examination. The grades for these five persons were as follows:

| William Bartoe | 79.68 |
| Daniel Gill | 75.36 |
| Thomas Helm | 73.04 |
| Ronald Winters | 48.14 |
| Ronald Warrington | 34.36 |

Upon completion of the examination, the Wellston Civil Service Commission established an eligibility list and certified to appellee, who in his official capacity as mayor was the appointing authority, the name of the person receiving the highest score, *i.e.,* William Bartoe. However, Bartoe was not qualified to take the examination. Of those persons eligible to take the competitive promotional examination, appellant received the highest score. Appellant was not appointed to the position. Instead, appellee appointed his son, Ronald Winters, who had received the fourth highest grade of the five persons who had taken the examination. Appellant's complaint prayed for a peremptory writ of mandamus compelling appellee to appoint appellant to the position of Second Assistant Fire Chief of the Wellston Fire Department with the appointment to be effective within ten days of the original certification notice sent by the Wellston Civil Service Commission. Appellant's complaint further prayed for an award of "his damages sustained and costs of this action."

On that same date, December 17, 1985, the trial court issued a peremptory writ of mandamus ordering appellee to appoint appellant to the position of Second Assistant Fire Chief effective within ten days of the certification notice and that appellant recover from appellee, who had been sued solely in his capacity as Mayor of the city of Wellston, his damages sustained and costs. This writ was issued without notice to the appellee of the filing of appellant's complaint.

On December 26, 1985, appellee filed a motion for a hearing and a stay of enforcement of the December 17, 1985 peremptory writ pending that hearing. On the same date, the trial court granted appellee's motion in its entirety. On January 22, 1986, following a hearing on appellant's complaint for a writ of mandamus, the trial court dismissed the complaint on the basis, *inter alia,* that appellant had failed to exhaust his administrative remedies and that notice of the competitive promotional examination was statutorily defective.

On timely appeal from the judgment by appellant, this court, in *State, ex rel. Gill, v. Winters* (May 5, 1987), Jackson App. No. 528, unreported, 1987 WL 4879, held that the December 17, 1985 order granting the peremptory writ was a final appealable order pursuant to R.C. 2505.02 and that neither of appellee's post-judgment motions under the then applicable Rules of Civil Procedure extended the time for filing a notice of appeal. Since appellee had failed to file a notice of appeal from the December 17, 1985 entry, the judgment of the trial court dismissing the complaint for a writ of mandamus was reversed and remanded for "the entry of a judgment reinstating the peremptory writ of mandamus granted to appellant and for a hearing on damages." We further noted in case No. 528, *supra,* at 5, that had a timely appeal been taken by appellee from the December 17, 1985 entry granting appellant a peremptory writ of mandamus, reversal would have been required. (Appellant failed to exhaust his administrative remedies, the promotional exami-

Court of Common Pleas, on remand from this court, finding that Daniel W. Gill, appellant, was not entitled to damages from Hibert Winters, appellee, in his capacity as Mayor of the city of Wellston, Ohio, notwithstanding Winters's failure to appoint Gill to the position of Second Assistant Fire Chief. We affirm the judgment but upon a different rationale from that utilized by the trial court.

Appellant assigns the following errors:

"I. The trial court committed reversible error in that its decision of November 2, 1988, was contrary to law and abused its discretion in refusing to join necessary parties to the action.

"II. The trial court committed reversible error in that its decision of November 2, 1988, was contrary to law and an abuse of its discretion in refusing to grant the plaintiff-relator attorney fees."

Appellee assigns the following errors on his cross-appeal:

"I. The learned trial judge erred in finding that the plaintiff-relator, Daniel W. Gill, sustained damages that included back wages, pension benefits, and interest thereon.

"II. The learned trial judge erred in refusing to consider depreciation as income in mitigation of damages."

On December 17, 1985, appellant sought and was granted a peremptory writ of mandamus ordering the Mayor of Wellston to appoint him Second Assistant Fire Chief. Two previous appeals preceded this review by our court. Upon a second remand on May 2, 1988, the trial court was instructed to conduct a hearing on damages. On July 11, 1988, appellee filed a memorandum on damages, arguing that damages did not include back pay because benefits did not accrue until an appointment was made and that damages could not be

---

nation was void due to a failure of the Wellston Civil Service Commission to publish a description of the source material from which the examination questions were to be prepared pursuant to R.C. 124.45, and at the time of issuing the peremptory writ it had not been established that appellee was under a clear legal duty to act as requested.)

On May 15, 1987, the trial court filed an entry ordering the city of Wellston to appoint appellant to the position of Second Assistant Fire Chief and further stating that a hearing on damages would be scheduled later. On May 22, 1987, appellee filed a Civ.R. 60(B)(5) motion to vacate the December 17, 1985 judgment granting the peremptory writ and to stay the appointment pending disposition of the motion. On June 26, 1987, the trial court overruled appellee's Civ.R. 60(B) motion for relief from judgment. On July 8, 1987, appellant began his job as Second Assistant Fire Chief of the City of Wellston Fire Department. Appellee filed an appeal from the June 26, 1987 judgment and in *State, ex rel. Gill, v. Winters* (May 2, 1988), Jackson App. No. 565, unreported, 1988 WL 42444, this court affirmed the trial court's judgment overruling appellee's Civ.R. 60(B) motion on the basis of *res judicata*. Once again, this case was remanded to the trial court for a hearing on damages.

awarded since appellant never sued the city of Wellston or any city officer other than the mayor. On July 11, 1988, appellant also filed answers to appellee's request for admissions, which included his admissions that he never sued either the city of Wellston or any official or officer of the city besides the mayor. In appellant's answers to appellee's interrogatories, appellant stated that his damages consisted of wages, interest, and retirement benefits relating to the period from when he should have been appointed pursuant to the peremptory writ of mandamus, *i.e.*, November 14, 1985, until the date he was appointed to the fire department position, *i.e.*, July 8, 1987. Appellant further claimed approximately $5,000 in attorney fees. On August 3, 1988, appellee filed a motion for summary judgment, again reiterating the argument that only the mayor had been made a party to the action.

On August 5 and September 28, 1988, a hearing was held before the trial court. During the hearing, appellee moved to dismiss the action pursuant to Civ.R. 12(B)(7) on the basis that appellant had failed to join necessary parties, *i.e.*, the city of Wellston. On October 12, 1988, appellant filed a brief on damages, asserting therein, in pertinent part, as follows:

"From the very beginning this action has been defended by the Law Director for the City of Wellston. Regardless who the Mayor has been, and regardless of who the Law Director has been, the action has been defended by the person serving in that capacity as well as the prior Law Director continuing to defend the action. Clearly, the City cannot say they have received no notice of this action and that it would be unjust to join them at this point if the Court, in its determination, feels that the City should be joined.

"* * *

"[I]f the Court in its discretion feels that pursuant to Civ.R. 19 * * * the City of Wellston, Auditor of Wellston, Treasurer of Wellston, Law Director of Wellston, or Public Service Director of Wellston, are parties who are needed for the just adjudication of this hearing, the Court has the full power to join that person."

On November 9, 1988, the trial court entered a judgment which indicated that, had the proper parties been sued, appellant would have been entitled to $10,451.17 in net back pay, *i.e.*, $28,881.52 in gross back pay minus $18,430.55 in mitigation income, plus retirement income in the amount of $6,931.56, plus interest on both amounts. The trial court noted that appellant was not entitled to attorney fees. The trial court determined that appellee, *i.e.*, the Mayor of the city of Wellston, did not owe any damages to appellant because the mayor's duties did not include the disbursement of money. In its entry, the trial court stated as follows:

"Mr. Gill can presumably file another civil action for back pay, and join the correct parties. Obviously the fiscal officers of the City of Wellston would not be bound by the principles of *res judicata* to the terms of the Peremptory Writ. Since absolutely no opposing party had any opportunity whatsoever to contest at the trial court level the issues underlying the Peremptory Writ, the findings made herein have no effect of collateral estoppel, either. Accordingly, in later litigation the defendants may raise whatever defenses they may have."

On November 21, 1988, appellant filed a motion for a new trial, asserting that the trial court's "failure to join the City Auditor, City Treasurer, and the City of Wellston is contrary to law and an error pursuant to Civ.R. 19(A)." On November 28, 1988, the trial court overruled appellant's motion for a new trial. Appellant and appellee filed timely notices of appeal and cross-appeal from the November 9, 1988 judgment of the trial court.

■ Appellant's first assignment of error asserts that the trial court erred in refusing to join the necessary parties to the action. Civ.R. 21 provides as follows:

"Misjoinder of parties is not ground for dismissal of an action. *Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.* Any claim against a party may be severed and proceeded with separately." (Emphasis added.)

The trial court relied upon Civ.R. 21, which was cited by appellant both below and on appeal, in refusing to join the city of Wellston and its auditor and treasurer. The trial court's rationale for not joining these parties was as follows:

"This power lies within the sound discretion of the trial court, and this Court declines to exercise it. Remember how strange this Peremptory Writ looks. It issued without the slightest hint of notice to the opposing party. Its justification depends upon a promotional civil service examination which the Court of Appeals has declared void. The trial judge who issued the Writ later tried to dismiss it, and the Court of Appeals indicated that it would have reversed the Writ had it the opportunity to do so. The Peremptory Writ has been an unloved creature, and this Court will leave it so."

However, Civ.R. 19 provides, in pertinent part, as follows:

"(A) Persons to be joined if feasible.

"A person who is subject to service of process shall be joined as a party in the action if (1) *in his absence complete relief cannot be accorded among those already parties,* or (2) he claims an interest relating to the subject of

the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee. *If he has not been so joined, the court shall order that he be made a party upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7).* If the defense is not timely asserted, waiver is applicable as provided in Rule 12(G) and (H). * * * " (Emphasis added.)

Civ.R. 19(A) describes those persons who should be joined in the action, assuming that the appellee has not waived joinder. Staff Notes to Civ.R. 19(A). Civ.R. 19, which describes persons whose presence is needed for a just adjudication of the action, may be viewed as the source of the requirement that a particular individual be added to the action and Civ.R. 21 simply describes the procedural consequences of failing to do so and makes it clear that the defect can be corrected. See, *e.g.,* 7 Wright, Miller and Kane, Federal Practice and Procedure (1986) 446, Section 1683, analyzing the analogous federal provision.

Initially, it is apparent that, pursuant to Civ.R. 19(A) and 21, the trial court is vested with a substantial amount of discretion in determining whether a party is necessary in the sense that in his absence complete relief cannot be accorded among those already parties. See *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 12 OBR 246, 465 N.E.2d 1298, where the Supreme Court of Ohio held in the context of an alleged misjoinder, that the trial court did not abuse its discretion in ordering joinder of a party it considered to be necessary pursuant to Civ.R. 19(A)(1). The manifest and only reasonable interpretation of the language in the trial court's entry cited above is that the court had effectively determined that complete relief could not be afforded appellant on his claim for damages absent the joinder of the city of Wellston, the city auditor and city treasurer, *i.e.,* that these parties were necessary parties pursuant to Civ.R. 19(A)(1). This conclusion is legally incorrect.

Civ.R. 19(A) explicitly provides that necessary parties who are subject to service of process "shall" be joined "upon timely assertion of the defense of failure to join a party as provided in Rule 12(B)(7)." Here, the city of Wellston, city auditor, and city treasurer were subject to service of process.

Consequently, where the trial court determines the parties are necessary to the action, they are subject to service of process, and there was no waiver of the nonjoinder issue, the trial court has *no discretion* at that point because of the mandatory language of the rule. 7 Wright, Miller and Kane,

Federal Practice and Procedure (1986) 163–166, Section 1611. Accordingly, if the city of Wellston, its auditor and treasurer really are necessary parties, the trial court was obligated to join them. Because we hold these additional parties were not necessary to afford complete relief to appellant, there was no error in refusing to join them.

Appellee asserts that pursuant to *State, ex rel. Maple, v. Hamilton* (1914), 19 Ohio C.C. (N.S.) 229, since only the Mayor of Wellston was sued, neither the city of Wellston nor its other officers were bound by the December 17, 1985 entry. In *Maple*, the court noted that since only the Mayor of Coshocton, Ohio had been sued in a prior mandamus action, the director of public safety, city auditor, and city treasurer, who had not been parties to the first action, were not bound by the previous findings in a subsequent contempt action.

However, it appears well settled in Ohio, contrary to *Maple*, that when a judgment is rendered for or against an officer of a municipal corporation in his official capacity, in matters to which he is entitled to represent it, the judgment is binding against the corporation, or another officer representing the corporation. *Ohio Fuel Gas Co. v. Mt. Vernon* (1930), 37 Ohio App. 159, 174 N.E. 260; *Hilling v. Cincinnati* (1936), 54 Ohio App. 293, 8 O.O. 17, 22 Ohio Law Abs. 628, 7 N.E.2d 1. This is in accordance with the great weight of authority. See, *e.g., Wade's Dairy, Inc. v. Fairfield* (1980), 181 Conn. 556, 436 A.2d 24, where the Supreme Court of Connecticut held that agents of the same municipal corporation are in privity with each other and with the municipality, and thus when judgment is rendered against an officer of the municipal corporation who sues or is sued in his official capacity, the judgment is binding upon the corporation and upon other officers of the same municipal corporation; see, also, *A.T. Knopf, Inc. v. Richardson* (Mo.App. 1984), 674 S.W.2d 174; *Florian v. Highland Loc. School Dist. Bd. of Edn.* (N.D.Ohio 1983), 570 F.Supp. 1358.

Comment (*e*) to Section 36 of the Restatement of the Law 2d, Judgments (1982), provides as follows:

"*e. Application to actions against officials.* A public officer sued as an individual nevertheless participates in the action in his official capacity if the remedy sought is that of compelling, restraining, or making declarations concerning performance of acts in the course of his official duties, or the restitution of property over which he asserts control in virtue of his official authority. *If the remedy sought is damages and the public body of which he is an official is solely responsible for paying them, the public official likewise appears in his official capacity and is in effect merely a formal party. * * * The determination in such circumstances is therefore bind-*

*ing on the governmental body of which he is an official and on his successors in office   \* \* \*.*"

Therefore, in the case at bar, where the Mayor of the city of Wellston was sued in his official capacity, regarding a matter in which he was, in effect, acting as a representative of the city of Wellston, it was not necessary to join the city, the auditor and treasurer in order to afford appellant the relief he sought.   Appellant's first assignment of error is overruled.

Appellant's second assignment of error asserts that the trial court erred in refusing to grant him an award of attorney fees.   R.C. 733.61 provides as follows:

"If the court hearing a case under section 733.59 of the Revised Code is satisfied that the taxpayer had good cause to believe that his allegations were well founded, or if they are sufficient in law, it shall make such order as the equity of the case demands.   In such case the taxpayer shall be allowed his costs, and, if judgment is finally ordered in his favor, he may be allowed, as part of the costs, a reasonable compensation for his attorney."

The trial court denied appellant's request for attorney fees on the basis that there had been no showing of bad faith and, further, that this was not a taxpayer's action pursuant to R.C. 733.59 and R.C. 733.61.   The general rule in Ohio is that, absent a statutory provision allowing attorney fees as costs, the prevailing party is not entitled to an award of attorney fees unless the party against whom the fees are taxed was found to have acted in bad faith. *State, ex rel. Crockett, v. Robinson* (1981), 67 Ohio St.2d 363, 369, 21 O.O.3d 228, 232, 423 N.E.2d 1099, 1103.   Appellant asserts that since his complaint for a peremptory writ of mandamus was a taxpayer's action pursuant to R.C. 733.59, R.C. 733.61 provides the statutory allowance of attorney fees as costs.

However, a taxpayer's action pursuant to R.C. 733.59 may be commenced only if the city law director "fails upon the written request of any taxpayer" to grant any relief requested. *State, ex rel. White, v. Cleveland* (1973), 34 Ohio St.2d 37, 63 O.O.2d 79, 34 Ohio St.2d 37.   A prior written request by a taxpayer upon the law director of a municipality to institute a mandamus action is a mandatory jurisdictional prerequisite to the commencement of the suit unless it reasonably appeared at the time suit was filed that such request would be futile. *Thelander v. Cleveland* (1981), 3 Ohio App.3d 86, 3 OBR 100, 444 N.E.2d 414.   Here, there was no evidence adduced that would tend to indicate that the prior written request would have necessarily been futile.   Furthermore, R.C. 733.61 speaks to the issue of attorney fees in discretionary language.   Assuming, *arguendo*, that this request would have been futile and appellant's complaint could be categorized as a taxpayer's

action, we see no abuse of discretion in the failure of the trial court to grant attorney fees to appellant under the limited circumstances of the case at bar, particularly where no damages are due to appellant. Appellant's second assignment of error is overruled.

■ In his cross-appeal, appellee raises two assignments of error. Appellee's first assignment of error asserts that the trial court erred in finding that appellant sustained damages including back pay, pension benefits and interest thereon. The trial court's November 9, 1988 entry stated that appellant would have been entitled to $10,451.17 in net back pay and retirement income in the amount of $6,931.56, plus interest, if appellant had sued the proper parties.

■ When a civil service appointment has been compelled by way of mandamus, no concomitant order of back pay is to be included for the period of time before the employee received his appointment. *State, ex rel. Gibbons, v. Cleveland* (1984), 9 Ohio St.3d 216, 9 OBR 526, 459 N.E.2d 892. However, where a civil service employee shows that a promotion to which he is entitled was delayed as the result of actions taken by a municipality in violation of R.C. 124.44, that employee is entitled to recover back pay. *Morgan v. Cincinnati* (1986), 25 Ohio St.3d 285, 25 OBR 337, 496 N.E.2d 468, syllabus.

In *Morgan*, the Supreme Court of Ohio emphasized that its exception to the *Gibbons* holding rested upon a sufficient finding by the trial court therein of bad faith on the part of the municipality and its officers. In so holding, the *Morgan* court held, *supra*, at 287–288, 25 OBR at 338–339, 496 N.E.2d at 470–472, that the complaint therein specifically alleged bad faith on the part of the municipality and its officers and the trial court in *Morgan* noted that its facts were identical to those in a case in which there was an express finding of bad faith. Conversely, in the case at bar, there was no allegation of bad faith on the part of appellee in appellant's complaint for a peremptory writ of mandamus and there was absolutely no finding of bad faith by the trial court in its December 17, 1985 entry, and, furthermore, such entry fails to disclose any of the other equitable considerations mentioned in *Morgan* which were relied upon in order to carve such exception to the *Gibbons* holding. Based upon the foregoing, it is apparent that appellant is not entitled to back pay or retirement benefits for the period prior to his actual appointment to the fire department and, regardless of whether additional parties had been joined, no damages would have been recoverable. Moreover, the trial court's statement that appellant would have been entitled to back pay and retirement income prior to his actual appointment was erroneous. However, the trial court's reasoning in this regard did not prejudice appellee since the court's judgment held that appellant was not entitled to any damages from appellee. It is axiomatic that we review *judgments* and not the *rationale* behind them.

Even if the trial court has stated an erroneous basis for its judgment, a reviewing court will affirm the judgment if it is legally correct for another reason. Accordingly, appellee's first assignment of error is overruled.

Appellee's second assignment of error asserts that the trial court erred in refusing to consider depreciation as income in mitigation of damages. The trial court determined that appellant's allowance for back pay would be reduced by the amount of money he received from other employment during the applicable period of time. Having already held that appellant was not entitled to back pay, the issue of mitigation of damages was improperly considered by the trial court. However, since the court ultimately awarded zero damages, albeit for a different reason, appellee's second assignment of error is overruled on the same basis as his first assignment.

For the foregoing reasons, the judgment of the trial court finding that appellee was not liable in damages to appellant is affirmed.

*Judgment affirmed.*

STEPHENSON and GREY, JJ., concur.