JOURNAL ENTRY AND OPINION
{¶ 1} D. J. Ownbey ("Ownbey") appeals the decision of the Cuyahoga County Court of Common Pleas denying his motion to vacate an arbitration award issued by the Cleveland Area Board of Realtors ("Board").
 {¶ 2} Ownbey worked as a salesperson for the real estate brokerage firm of Jeannie Chicola Realty, Inc. ("Chicola"). During this time, Ownbey was not a licensed real estate broker in Ohio.
 {¶ 3} In 2002 Chicola and Professional Realty, Inc. ("Professional"), on behalf of their respective employees, agreed to binding arbitration conducted by the Board to resolve a dispute over the payment of a real estate commission following the sale of a home. Ownbey believed he was entitled to all or a larger portion of a commission that went to another real estate salesperson employed by Professional.
 {¶ 4} The Board unanimously decided in favor of Professional. Ownbey, whose commission was reduced as a result of the Board's decision, filed a complaint for declaratory judgment in Cuyahoga County Common Pleas Court. Without leave of court, Ownbey amended that complaint listing Chicola as an additional plaintiff. The amended complaint was interpreted by the court as a motion to vacate the arbitration award and was dismissed. Ownbey appeals from that decision and advances three assignments of error for our review.
 {¶ 5} Departing from the typical sequence of analyzing an appellant's assignments of error, we first address Professional's argument that Ownbey lacks standing to maintain this appeal.
 {¶ 6} Professional argues that R.C. 4735.21 precludes Ownbey from appealing the decision of the trial court in dismissing the amended complaint because Ownbey lacks standing to do so.
 {¶ 7} R.C. 4735.21 places limitations on real estate salespeople and reads in pertinent part: "No real estate salesman shall collect any money in connection with any real estate brokerage transaction, whether as a commission, deposit, payment, rental, or otherwise, except in the name of and with the consent of the licensed real estate broker under whom he is licensed. Nor shall any real estate salesman commence ormaintain any action for a commission or other compensation in connection with a real estate brokerage transaction, against any person except a person licensed as a real estate broker under whom he is licensed as a salesman at the time the cause of action arose." (Emphasis added.)
 {¶ 8} "When a statute is clear and unambiguous, a reviewing court need only to apply the statute without resorting to statutory interpretation." Symmes Twp. Bd. of Trustees v. Smyth (2000),87 Ohio St.3d 549.
 {¶ 9} Ownbey was not a real estate broker at the time of the events giving rise to this action. As a result, R.C. 4735.21 prevented Ownbey from bringing an action against Professional, either by way of arbitration or a civil lawsuit in common pleas court, to collect his share of the real estate commission allegedly due him. Teeple v. Baker,Hostetler Patterson (Mar. 20, 1980), Cuyahoga App. No. 40528. Ownbey's only remedy was to rely on his employer at the time, Chicola, to commence or maintain an action to collect the commission for him. Id.
 {¶ 10} Chicola submitted to binding arbitration with the Board to resolve the dispute with Professional. Ownbey was not a party to the arbitration because he was barred from being so by R.C. 4735.21. The Board found in favor of Professional. Following that decision, Ownbey, but not Chicola, filed a complaint in common pleas court to vacate that arbitration decision. Had Ownbey attempted to maintain his action alone, R.C. 4735.21 would have required its dismissal. Kapel v. Carnegie (May 11, 1995), Cuyahoga App. No. 67939. "[I]n an action to collect a commission by a real estate broker, * * * proof that the broker or salesman is licensed * * * is an essential element of the plaintiff's case and, unless proved, is a complete bar to the action." Loss RealtyGroup v. Verbon (Dec. 6, 1996), Lucas App. No. L-96-024. As a result, Ownbey amended his complaint by listing and purporting to join Chicola as an additional plaintiff.
 {¶ 11} Civil Rule 19.1(A) controls the joinder of involuntary plaintiffs. It reads in pertinent part: "If [a party] should join as a plaintiff but refuses to do so, he may be made a defendant or, in a proper case, an involuntary plaintiff." Civ.R. 19.1(A). Therefore, a precursor to joining an involuntary plaintiff is that person or entity's refusal to join voluntarily. The record reflects that Chicola was not served with the amended complaint and was not otherwise informed that it had become a plaintiff to the action. Therefore, Ownbey failed to comply with Civ.R. 19.1(A) as Chicola was not afforded the opportunity to refuse joinder. In addition, the lack of service prevented Chicola from being heard on the propriety of the attempted joinder by Ownbey. In addition, Ownbey failed to comply with the Civil Rules regarding the proper process for joinder of a party.
 {¶ 12} "A court may determine that a party is necessary for the just and complete adjudication of an action and a necessary party may be forced to join the action as an indispensable party under Civ.R. 19(B). If a trial court determines that a party is indispensable to the action, that the party is subject to service of process, and that the nonjoinder issue has not been waived, then the court has no discretion under Civ.R. 19(A) and (B) and the party must be joined or the case dismissed."State, ex rel. Gill v. Winters (1990), 68 Ohio App.3d 497.
 {¶ 13} Ownbey did not request, and the court did not make, any of the required determinations categorizing Chicola as a party subject to compulsory or even permissive joinder. Even had he done so, Chicola is not only a necessary party, but the only party entitled to bring the action that Ownbey commenced on his own.
 {¶ 14} Finally, the Civil Rules regarding pleading are superseded by R.C. 4735.21. "[T]he Civil Rules governing pleading * * * cannot be applied to modify or abridge the requirements of R.C. 4735.21." LossRealty Group, supra. Therefore, from the outset, Ownbey had no standing to commence the original action in the common pleas court. Not having standing to commence the original action, he has no standing to request, even had he done so properly, the joinder of Chicola as a necessary, involuntary plaintiff.
 {¶ 15} Following the dismissal of the amended complaint, Ownbey again proceeded on his own to appeal that decision. We read R.C. 4735.21
as precluding Ownbey from doing so because he was not, at the time the dispute arose, a licensed real estate broker in Ohio.
 {¶ 16} We hold that, in accordance with R.C. 4735.21, Ownbey lacked standing to commence this action in the common pleas court and may not maintain this action via appeal against Professional. As a result, the decision of the lower court is affirmed and all of Ownbey's assignments of error are overruled as moot.
Judgment affirmed.
KENNETH A. ROCCO, A.J., CONCURS ANN DYKE, J., CONCURS IN JUDGMENT ONLY.