[Cite as *Elam v. Cuyahoga Cty. Dept. of Emp. & Family Servs.,* 2012-Ohio-5076.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98323**

## CAROLYN J. ELAM

PLAINTIFF-APPELLANT

vs.

## EMPLOYMENT & FAMILY SERVICES, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**AFFIRMED IN PART AND REVERSED AS TO COSTS**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-770964

**BEFORE:** Kilbane, J., Jones, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** November 1, 2012

**APPELLANT**

Carolyn J. Elam, Pro Se
1619 Ivydale Road
Cleveland Heights, Ohio 44118

**ATTORNEYS FOR APPELLEES**

Timothy J. McGinty
Cuyahoga County Prosecutor
Francis X. Cook
Assistant County Prosecutor
1641 Payne Avenue
Room 505
Cleveland, Ohio 44114

MARY EILEEN KILBANE, J.:

{¶1}   Plaintiff-appellant, Carolyn Elam, appeals from the order of the trial court that awarded summary judgment to the Cuyahoga County Department of Employment and Family Services ("EFS") and various other public employees in Elam's tort action for "wrongful, malicious termination" of her Type B daycare provider certificate.   For the reasons set forth below, we affirm the decision but we reverse the trial court's assessment of costs against Elam.

{¶2}   Elam became certified as a Type B daycare provider, authorized to provide publicly-funded daycare services for up to six children.   *See Elam v. Cuyahoga Cty. Dept. of Emp. & Family Servs.*, 8th Dist. No. 95969, 2011-Ohio-3588, ¶ 2 ("*Elam I*").   In October 2009, EFS employee, Mae Houston ("Houston"), unsuccessfully attempted to contact Elam by phone regarding a biannual inspection.   On October 30, 2009, Houston drove to Elam's home for an unannounced inspection.   Houston observed two dogs in Elam's yard.   After one of the dogs approached her, Houston left the premises without leaving her card or attempting to contact anyone inside.   *Id*.   Houston then sent Elam a notice that EFS had decided to revoke her certificate on November 5, 2009.

{¶3}   The notice of revocation indicated that Elam failed to cooperate with EFS in the certification process by being unavailable for inspections, a violation of Ohio Adm.

("O.A.C.") 5101:2-14-06(4), and that she failed to maintain a working wired telephone line in violation of O.A.C. 5101:2-14-20(E). *Elam I.*

**{¶4}** Elam appealed the revocation in an administrative review hearing before Administrative Appeals Officer Kathie Newton ("Newton") on December 8, 2009. At the hearing, Houston and Child Care Certification Supervisor Shareefah Thorton-Saleem ("Thorton-Saleem") testified that they could not contact Elam at the number she had provided, had a spotty inspection history, had not billed for her services in over a year, and kept two dogs on the property. *Elam I* at ¶ 3. Hearing Officer Newton concluded that Elam failed to cooperate with inspections and did not have a working phone line. Newton affirmed EFS's decision to revoke Elam's certificate. *Elam I.*

**{¶5}** On January 8, 2010, Elam filed a pro se action in the court of common pleas, to appeal the administrative determination revoking the certification, and further alleging that Houston, Thorton-Saleem, and Newton misused their authority to terminate her certification. On March 3, 2010, the EFS moved to convert the action to an administrative appeal and to dismiss the remaining claims against the hearing officer and EFS employees. On March 10, 2010, the trial court granted this motion. On October 15, 2010, the trial court concluded that the revocation of the Type B certificate was supported by substantial, reliable, and probative evidence and it affirmed the administrative decision.

**{¶6}** On appeal, this court reversed and remanded, concluding that EFS's decision to revoke Elam's Type B daycare certificate was arbitrary and unsupported by the evidence in the record. *Elam I*.

**{¶7}** On December 8, 2011, Elam refiled her pro se civil complaint against EFS, Newton, Houston, and Thornton-Saleem, and new party defendant Assistant Prosecutor Francis Cook. In relevant part, Elam alleged that the defendants "willfully, maliciously, and with reckless disregard for the Plaintiff['s] rights, ignored the law and accepted practices of the county and acted in concert to terminate [the certification]."

**{¶8}** On April 9, 2012, the county filed a motion for summary judgment, asserting that all defendants are entitled to immunity and that Elam could not produce any facts to substantiate her allegations. The defendants additionally asserted that Elam has refused to cooperate with its repeated efforts in recertifying her as a Type B daycare provider. In opposition, Elam presented evidence challenging the revocation of her certification. She presented the Memorandum of Understanding from the county Contract and Monitoring Department, payment rosters, letters, and emails from the county regarding the 2009 revocation, the transcript of the December 8, 2009 hearing, and this court's July 21, 2011 opinion in *Elam I*. Elam presented no evidence to support her claim that the actions or omissions of the individual defendants were manifestly outside the scope of their employment or official responsibilities or were undertaken with malicious purpose, in bad faith, or in a wanton or reckless manner.

**{¶9}** On April 21, 2012, the trial court ruled that the defendants were entitled to judgment as a matter of law. The court also concluded that the instant matter "essentially constitute[s] a relitigation of case CV-715032."

**{¶10}** Elam now appeals, assigning nine errors for our review.

**{¶11}** We will address the first, third, fifth, and sixth assignments of error together because each challenges the trial court's award of summary judgment to defendants:

Assignment of Error No. 1

The trial court erred when it made findings that no genuine issue of material fact and that the Appellees were entitled to Summary Judgment as a matter of law.

Assignment of Error No. 3

The trial court erred in granting judgment in reference to arguments raised by Appellees, which arguments was to impede and stop Appellant Elam from exercising her constitutional right to a jury trial.

Assignment of Error No. 5

The trial court erred, denying Appellant Elam['s] demand for a jury trial filed on December 8, 2012, as provided in Civ.R. 38.

Assignment of Error No. 6

The trial court erred when it failed to order and award compensatory, punitive and pecuniary damages to Appellant for Abuse of Process and Malicious Prosecution brought on and caused by Appellees; EFS, Houston, Newton, Thorton-Saleem, and Counsel/Appellee Cook.

**{¶12}** A reviewing court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Mitnaul v. Fairmount Presbyterian Church*, 149 Ohio App.3d 769, 2002-Ohio-5833, 778 N.E.2d

1093, ¶ 27 (8th Dist.). Therefore, this court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the nonmoving party and resolving any doubt in favor of the nonmoving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12, 467 N.E.2d 1378 (6th Dist.1983).

{¶13} Pursuant to Civ.R. 56(C), summary judgment is proper if:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶14} Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), the nonmoving party must set forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449, 1996-Ohio-211, 663 N.E.2d 639.

{¶15} With regard to the issue of the county's liability, we note that in *Colbert v. Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, 790 N.E.2d 781, ¶ 7-9, the Ohio Supreme Court outlined the three-tiered analysis for determining liability:

> The first tier is the general rule that a political subdivision is immune from liability incurred in performing either a governmental function or proprietary function. * * *

> The second tier of the analysis requires a court to determine whether any of the five exceptions to immunity listed in R.C. 2744.02(B) apply to expose the political subdivision to liability. *Id.* at 28, 697 N.E.2d 610. At this tier, the court may also need to determine whether specific defenses to liability

for negligent operation of a motor vehicle listed in R.C. 2744.02(B)(1)(a) through (c) apply.

If any of the exceptions to immunity in R.C. 2744.02(B) do apply and no defense in that section protects the political subdivision from liability, then the third tier of the analysis requires a court to determine whether any of the defenses in R.C. 2744.03 apply, thereby providing the political subdivision a defense against liability.

{¶16} As is relevant herein, within the meaning of R.C. 2744.02(B)(5), no provisions of the Ohio Revised Code expressly impose liability on a political subdivision for failure to inspect or for the negligent certification of a type-B family day-care home even where the political subdivision has completely ignored the obligations imposed upon it by the statute. *Butler v. Jordan*, 92 Ohio St.3d 354, 2001-Ohio-204, 750 N.E.2d 554, paragraphs one and two of the syllabus.

{¶17} Therefore, by application of the foregoing, none of the five exceptions to immunity listed in R.C. 2744.02(B) apply herein to expose the EFS to liability, and it is therefore immune as a matter of law.

{¶18} As to the issue of the liability of the individual employees, we note that R.C. 2744.03(A)(6) provides that an employee is personally immune from liability unless:

(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or]

(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code.

{¶19} For these purposes, allegations of negligence are insufficient to overcome the immunity granted to an employee of a political subdivision who acts within his or her official duties. *Fabrey v. McDonald Village Police Dept.*, 70 Ohio St.3d 351, 356, 1994-Ohio-368, 639 N.E.2d 31. "[M]ere negligence is not converted into wanton misconduct unless the evidence establishes a disposition to perversity on the part of the tortfeasor," but, rather, such perversity must be under such conditions that the actor must be conscious that his conduct will in all probability result in injury. *Id.*, quoting *Roszman v. Sammett*, 26 Ohio St.2d 94, 96-97, 269 N.E.2d 420 (1971).

{¶20} Moreover, although the determination of recklessness is typically within the province of the jury, the standard for showing recklessness is high, and therefore, summary judgment can be appropriate in those instances where the individual's conduct does not demonstrate a disposition to perversity. *O'Toole v. Denihan*, 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 75.

{¶21} In this matter, the record demonstrates that the certificate was revoked based upon four factors identified by EFS: the "perceived failure of appellant to update her phone number with EFS" and its inability to contact her; the presence of the dogs observed by Houston; Elam's prior history of noncompliance; and her failure to bill the providers. Although this court found that each of these reasons was unsupported by the record and that the decision was arbitrary, there is no evidence that the actions or omissions of the employees were manifestly outside the scope of their employment or

official responsibilities, or that their actions or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner. Moreover, the evidence submitted by Elam in opposition to summary judgment does not establish that the individual defendants' conduct demonstrated a disposition to perversity under such conditions creating a consciousness that the defendants' actions would, in all probability, result in injury. In addition, Elam failed to demonstrate that civil liability is expressly imposed upon the employee by a section of the Revised Code. Finally, the evidence presented by EFS indicated that the county's repeated attempts to contact Elam were unsuccessful.

{¶22} For the foregoing reasons, there are no genuine issues of material fact and the defendants were entitled to judgment as a matter of law.[1] The first, third, and sixth assignments of error are overruled.

{¶23} In addition, because the trial court properly determined that there were no genuine issues of material fact and that defendants are entitled to judgment as a matter of law, the award of summary judgment to defendants did not violate Elam's right to a jury trial. *Goodin v. Columbia Gas of Ohio, Inc.*, 141 Ohio App.3d 207, 231, 750 N.E.2d 1122 (4th Dist.2000). The fifth assignment of error is therefore overruled.

{¶24} In accordance with the foregoing, the first, third, fifth, and sixth assignments of error are without merit.

---

[1]We additionally note that this action was not brought within the latter of: (1) the two-year limitations period set forth in the original statute of limitation, R.C. 2744.04(A), i.e., November 5, 2011, or (2) one year of the dismissal of these claims in Elam's prior complaint by operation of the saving statute, R.C. 2305.19, i.e., March 10, 2011.

Assignment of Error No. 2

The trial court erred when it declined to find [EFS] in contempt of court for not reinstating Appellant Elam's Professional Type B Child Care Certification, which was order[ed] by the Appellate Court and Cuyahoga County Common Pleas Court.

**{¶25}** Errors that arise during the course of a trial, which are not brought to the attention of the court by objection or otherwise, are waived and may not be raised upon appeal. *Citimortgage, Inc. v. Haverkamp*, 12th Dist. No. CA2010-11-089, 2011-Ohio-2099, ¶ 8. The issue of whether the EFS was in contempt of court was never raised below. Consequently, we will not address it herein.

Assignment of Error No. 4

The trial court erred in noting that allegation raised by Appellant Elam's reply to [the county's motion for summary judgment] constitutes a relitigation of Case CV 715302.

**{¶26}** It is axiomatic that if the trial court has stated an erroneous basis for its judgment, a reviewing court will affirm the judgment if it is legally correct for another reason. *State ex rel. Gill v. Winters*, 68 Ohio App.3d 497, 507, 589 N.E.2d 68 (4th Dist.1990). As set forth previously, the trial court correctly ruled that defendants are entitled to summary judgment. Therefore, the court's brief mention of the prior action did not prejudice Elam's substantial rights. The fourth assignment of error is without merit.

Assignment of Error No. 7

The trial court erred in imposing cost[s] to Appellant.

**{¶27}** With regard to the issue of the assessment of court costs against Elam, we note that Ohio law permits the imposition of court costs against an indigent civil litigant, unless he or she has filed an affidavit of indigency. *Rhoades v. Chase Bank*, 10th Dist. No. 10AP-469, 2010-Ohio 6537, ¶ 24, citing *Jackson v. Herron*, 11th Dist. No. 2004-L-045, 2005-Ohio-4039, ¶ 12.

**{¶28}** The determination that a litigant is indigent is "typically granted liberally in order to preserve the due process rights of litigants and guarantee an access to judicial process and representation." *Trumbull Mem. Hosp. v. Karnofel*, 11th Dist. No. 2008-T-0115, 2009-Ohio-1488,¶ 26, quoting *Evans v. Evans*, 10th Dist. Nos. 04AP-816 and 04AP-1208, 2005-Ohio-5090, ¶ 23. Courts traditionally waive filing fees and costs for indigent persons in order to promote the interests of justice, and it is within the court's discretion whether indigency status is proper in a particular case. *Karnofel*.

**{¶29}** In this matter, the record indicates that the county improperly revoked Elam's daycare provider certificate in 2009. She filed a pro se action to reverse the revocation and the instant pro se action against the county and the other defendants. To date, her daycare provider certificate has not been restored. On May 4, 2012, she filed an Affidavit of Indigence with this court. We therefore reverse the trial court's assessment of costs against Elam.

**{¶30}** The seventh assignment of error is well taken.

**{¶31}** Elam's eighth and ninth assignments of error are interrelated and state:

Assignment of Error No. 8

Counsel/Appellee Cook erred in his affirmative defense that Appellant is collaterally estopped because of issues that [were] litigated and disposed of by the Appellate Court.

Assignment of Error No. 9

Counsel/Appellee Cook erred when he declared that Appellant should have appealed the decision of the Appellate Court to the Supreme Court of Ohio for not addressing Appellant's remaining issues. Counsel/Appellee Cook erred when he said that he and the remaining Appellees are entitled to immunity pursuant to O.R.C. Chapter 2744.

{¶32} Under the claim preclusion aspect of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381, 1995-Ohio-331, 653 N.E.2d 226, syllabus. In addition, when a judgment has been rendered by a court of competent jurisdiction, and there is no appeal to a higher court, that judgment becomes final. *Ind. Ins. Co. v. Fed. Ins. Co.*, 5th Dist. No. 2004 AP 07 0056, 2005-Ohio-1770, ¶ 29. We therefore conclude, on the record herein and in light of the prior proceedings, that the remarks were within the permissible bounds of counsel's zealous representation. The reference to the prior matter did not unfairly prejudice Elam's rights and did not result in an erroneous judgment.

**{¶33}** Judgment    affirmed, assessment of costs is reversed.

It is ordered that neither party be assessed for costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

LARRY A. JONES, SR., P.J., and
KENNETH A. ROCCO, J., CONCUR