OPINION
{¶ 1} Appellant, Delores M. Karnofel ("Karnofel"), appeals the judgment of the Girard Municipal Court, which entered judgment in favor of all named defendants on her small claims complaint.
 {¶ 2} Her complaint alleged a wrongful detention by the Girard Police Department, the Girard Fire Department, Douglas and Donna Beck, her brother-in-law and sister ("the Becks"); and also alleged that malpractice was committed by Trumbull Memorial Hospital and Northcoast Behavioral Healthcare in misdiagnosing her medical condition.
 {¶ 3} The matter was heard by a magistrate. The magistrate issued a "magistrate's decision and judgment entry," which awarded "[j]udgment for all defendants, jointly and severally. Case dismissed." Karnofel did not file objections to the magistrate's decision. The trial court adopted and approved all of the magistrate's findings and recommendations; issued its own findings of fact and conclusions of law; and gave judgment as follows: "judgment enter [sic] in favor of each named defendant and against the plaintiff and that plaintiff's complaint against all named defendants be and hereby is dismissed. Costs shall apply."
 {¶ 4} The judgment entry of the trial court is ambiguous. On the one hand, it awards judgment in favor of "each named defendant and against the plaintiff" and, on the other hand, it dismisses the action altogether. This court "will make all reasonable presumptions consistent with the record in favor of the validity of the judgment and of the regularity and legality of the proceedings below."[1] The record indicates that the trial court weighed the evidence and awarded judgment on the merits to the defendants. This is how we choose to construe the judgment, as opposed to a dismissal other than on the merits.
 {¶ 5} The record of proceedings in the Girard Municipal Court consists of the original pleadings and transcript of entries. There is no transcript of the proceedings conducted by the magistrate. Nor is there a statement of evidence prepared in accordance with App.R. 9(C) or 9(D). The trial court's judgment entry does contain findings of fact and conclusions of law, and we, therefore, turn to that judgment entry for a recitation of the facts relevant to this appeal.
 {¶ 6} "The plaintiff Delores M. Karnofel, is most likely referring [in her complaint] to the events which occurred on August 20, 2003, whereby the Girard Police Department responded to a disturbance which occurred at 1528 Greenwood which is located in the City of Girard, Trumbull County, Ohio; that the police were called to plaintiff's residence by Kim Kolacz who was working for the Adult Protective Services; that Kim Kolacz was responding to reports that the plaintiff was failing to care for her mother Donna [sic, Ann] Karnofel; that the Adult Protective Services received notice of such failures from plaintiff's sister, Donna Beck, and brother-in-law Douglas Beck; that the plaintiff Delores M. Karnofel's behavior in response to the City of Girard's Police Department indicated that she may pose a risk of harm to her mother Donna [sic, Ann] Karnofel; that the Girard Police Department filled out the necessary forms to have her admitted for a three (3)-day mental health evaluation; and that the plaintiff was thereupon transported in an ambulance operated by the Girard Fire Department to the Trumbull Memorial Hospital.
 {¶ 7} "The plaintiff Delores M. Karnofel was admitted to the psychiatric unit at the Trumbull Memorial Hospital on August 20, 2003; that she was evaluated by Dr. Sargious and Dr. Mangalji who determined that she had a history of bipolar disorder for which she was not receiving treatment; and that her primary diagnosis upon discharge (August 26, 2003) was `. . . Bipolar disorder in a manic episode with psychosis . . .'
 {¶ 8} "As a result, the plaintiff was likely discharged to Northcoast Behavioral Healthcare upon the advice of Dr. Ehab L. Sargious who recommended at the time of her discharge from the Trumbull Memorial Hospital that she be `. . . discharged (patient) to a long-term facility for forced medication and psychiatric stabilization . . .'"
 {¶ 9} Karnofel has presented a single assignment of error to this court:
 {¶ 10} "The Court and Magistrate erred by not reviewing the Appellant's testimony and exhibits of the September 21, 2004 hearing, and the police file in toto, indicating that the Appellant wasn't homicidal or suicidal, nor posed a threat to anyone. Also, Plaintiff was detained longer than legally required."
 {¶ 11} In support of this assignment of error, Karnofel argues that the trial court failed to properly review documents in the Girard Police Department file, letters from her mother, phone conversations, doctors' notes, and hospital charts. She states that the trial court "neglected to review all files and exhibits entered into evidence; and damages should have been awarded to Plaintiff for the negligent acts on the part of all of the Defendants." Had the trial court done so, argues Karnofel, it would have concluded that the police, social worker, family members, and medical providers would have had no reason to detain her and then hospitalize her. She submits that on the day in question she did not present a danger to herself or to others.
 {¶ 12} Karnofel is responsible to provide this court with a record of the facts, testimony, and evidentiary matters that are necessary to support her assignment of error.[2]
 {¶ 13} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."[3]
 {¶ 14} "Thus, in the absence of a complete record or a substitute statement of the evidence as permitted by App.R. 9(C) and (D), an appellate court must presume regularity in the trial court's proceedings and accept the validity of its judgment."[4]
 {¶ 15} Karnofel asks this court to review both the evidentiary rulings of the trial court and the manifest weight of the evidence presented at hearing without either a transcript of the proceedings or a statement of the evidence. Our review is, therefore, based upon the findings of fact and conclusions of law issued by the trial court, and the evidentiary findings contained therein.
 {¶ 16} "[A] determination as to the admissibility of evidence is a matter generally within the sound discretion of the trial court."[5]
The Ohio Rules of Evidence, specifically Evid.R. 101(C), provides that "[t]hese rules (other than with respect to privileges) do not apply in the following situations: * * * (8) Small Claims Division. Proceedings in the small claims division of a county or municipal court." This rule allows laymen, unfamiliar with the rules of evidence, to present evidence that might otherwise be excluded. "`The small claims division is a "layman's forum" and a judge or referee, while exercising some discretion, "* * * should not deny a layman justice through the formalistic application of the law of evidence."'"[6] However, even though the small claims court is given wide latitude in determining the admissibility of evidence, nevertheless, it must exercise its discretion so as to assure that its decisions are based upon some reliable evidence.[7]
 {¶ 17} "In determining whether an abuse of discretion exists, a reviewing court should be guided by a presumption that the trial court was correct. * * * `The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' * * * In order for a reviewing court to determine a trial court has abused its discretion, the decision must be `so palpably and grossly violative of fact and logic that it evidences * * * (the) perversity of will. * * *'"[8]
 {¶ 18} Inasmuch as the rules of evidence do not apply to small claims proceedings, the reliability, credibility, and admissibility of evidence are determined by the trial court. The regularity of the trial court's proceedings must be presumed. We find nothing in the record to support the argument that the trial court failed to review the notes and documents that Karnofel believes are so critical. On the contrary, our review of the findings of fact and conclusions of law issued by the trial court demonstrate a conscientious effort on the part of the trial court to articulate the relevant facts and conclusions in support of its judgment. It is not reasonable to suggest that the trial court reviewed only the notes and documents that supported its judgment, and ignored the notes and documents urged upon it by Karnofel. The only logical conclusion is that the trial court reviewed all the documents it had before it in order to arrive at its judgment.
 {¶ 19} Further, when Karnofel argues that the trial court did not review the testimony and documents that she believes were so critical to her case, she is in effect saying that the trial court's judgment is against the manifest weight of the evidence. However, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."[9] Karnofel could only prevail in this court if she were to demonstrate that there was no competent, credible evidence upon which the trial court relied. As a reviewing court, we will not second guess evidentiary determinations going to weight and credibility.[10] The judgment entry of the trial court as well as the magistrate's decision and judgment entry both indicate that testimony and documentary evidence in the form of medical records were considered. We are unable to say that there was an absence of competent, credible evidence to support the trial court's judgment.
 {¶ 20} Karnofel did not provide us with a means of reviewing the evidence presented at trial. Restricted in our review to the briefs submitted by the parties and the trial court's findings of fact and conclusions of law, we conclude that the trial court's judgment was not against the manifest weight of the evidence.
 {¶ 21} From a review of the record, it appears that Karnofel's chief complaint is that she was "pink slipped" and detained at Trumbull Memorial Hospital and Northcoast Behavioral Center without justification and longer than legally permitted. She admits to certain physical and medical anomalies, but argues strenuously that she was misdiagnosed and did not present a danger to herself or others on the day in question. Our review of this matter is limited to the evidence presented at the small claims hearing. The record before us does not reflect what another court or agency may have done, or failed to do, to detain Karnofel for the period of time she was hospitalized. That matter is not before us in this review.
 {¶ 22} Karnofel's assignment of error is without merit.
 {¶ 23} The judgment of the trial court is affirmed.
O'Toole, J., Christley, J., Ret., Eleventh Appellate District, sitting by assignment, concur.
[1] State v. Smith (Mar. 5, 1991), 10th Dist. No. 89AP-1491, 1991 Ohio App. LEXIS 957, at *8.
[2] Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314.
[3] Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
[4] Beacon Invest. Co. v. Shifferly (July 6, 1994), 9th Dist. No. 16615, 1994 Ohio App. LEXIS 2994, at *3, citing State v. Roberts (1991),66 Ohio App.3d 654, 657, and State v. Prince (1991),71 Ohio App.3d 694, 698-99.
[5] Schaffter v. Ward (1985), 17 Ohio St.3d 79, 80.
[6] Ashley v. Gregg Engine Machine (Sept. 13, 1995), 9th Dist. No. 17091, 1995 Ohio App. LEXIS 4039, at *6, quoting Turner v. Sinha (1989),65 Ohio App.3d 30, 33, citing Staff Note to Evid.R. 101.
[7] Hubbard v. Scott (May 4, 1994), 9th Dist. No. 93CA005695, 1994 Ohio App. LEXIS 1994, at *4.
[8] (Citations omitted.) Ashley v. Gregg Engine Machine, supra, at *6-7.
[9] C.E. Morris v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus.
[10] Sykes Constr. Co. v. Martell (Feb. 21, 1992), 9th Dist. Nos. 15034 and 15038, 1992 Ohio App. LEXIS 789, at *23, citing Ostendorf-Morris Co.v. Slyman (1982), 6 Ohio App.3d 46.