OPINION *Page 2 
{¶ 1} This appeal references a denial of a motion for relief from judgment filed in the Girard Municipal Court. This matter originally emanated from a small claims complaint filed by appellant, Delores Karnofel ("Karnofel"), which resulted in a ruling adverse to Karnofel. She appealed and, on November 21, 2005, this court affirmed the adverse decision in Karnofel v. Girard Police Dept., 11th Dist. No. 2004-T-0145,2005-Ohio-6154. It is this same case in which Karnofel subsequently filed a motion for relief from judgment. Specifically, the trial court struck the motion. It also prohibited her from filing any additional pleadings in this matter. Our reversal focuses on the portion of the trial court's order striking Karnofel's motion for relief from judgment. Further, even though not challenged by Karnofel, we find the prohibition against filing future pleadings to be erroneous and order it to be corrected upon the remand of this matter.
 {¶ 2} The previous appeal and the present appeal both deal with the same issue, Karnofel's involuntary detention at a psychiatric facility on August 20, 2003. As a result of her detention, Karnofel filed a small claims complaint against various entities and persons. In it, she alleged claims of wrongful detention and malpractice. A hearing on the complaint was conducted on September 21, 2004. The trial court ruled against her on all her claims. In the first appeal to this court, we affirmed the judgment entry of the trial court. Id.
 {¶ 3} Following this court's decision in the previous appeal, Karnofel filed the motion for relief from judgment now at issue in the trial court. That motion referenced the previous appeal/judgment. In response, the trial court entered an order on April 12, 2006, as follows: *Page 3 
 {¶ 4} "[Karnofel's] Motion for Relief from Judgment is stricken. [Karnofel] shall not file any further pleadings in this case."
 {¶ 5} Karnofel filed a timely appeal, asserting the following assignments of error:
 {¶ 6} "[1.] The trial court erred in striking plaintiffs motion for relief from judgment (4-12-06) after the newly discovered evidence proved that the magistrate and defendants falsified their statements and documents.
 {¶ 7} "[2.] The trial court's action in denying OCR 60 motion of April 7, 2006, is not consistent with substantial justice.
 {¶ 8} "[3.] The trial court abused its discretion and committed plain error by striking OCR 60 motion and affirming magistrate Finamore's decision of October 5, 2004.
 {¶ 9} "[4.] The trial court erred by striking the OCR 60 motion to conceal the mistakes of his co-workers and other defendants, resulting in fraud upon the court.
 {¶ 10} "[5.] The trial court abused its discretion by issuing a judgment that was not supported by reliable evidence.
 {¶ 11} "[6.] The trial court erred in not reporting magistrate Finamore for his fraudulent act of misinterpreting the hearing."
 {¶ 12} The majority of Karnofel's assignments of error challenge that part of the trial court's order that strikes her motion for relief from judgment. We emphasize the trial court did not dismiss the motion, it did not overrule the motion, rather it struck the motion. The trial court did not state its reasons for striking Karnofel's motion for relief from judgment. *Page 4 
 {¶ 13} Under ordinary circumstances, "[a]s an appellate court, we are reluctant to second guess a trial court's handling of its docket and rarely reverse such rulings." DeFranco v. DeFranco, 11th Dist. No. 2000-L-147, 2001 Ohio App. LEXIS 4128, at *7. However, in the instant matter, it appears that the trial court has struck a pleading filed by a litigant without the benefit of a hearing or a ruling on that motion.
 {¶ 14} It is possible to strike a sham or false document under Civ.R. 11, where the "document is not signed or is signed with intent to defeat the purpose of this rule." In addition, it is possible to file a motion to strike under Civ.R. 12, in order to strike "from any pleading an insufficient claim or defense or any redundant, immaterial, impertinent or scandalous matter." Nowhere, however, do we find authority for a trial court to strike a pleading without some reference to its authority to do so.
 {¶ 15} We conclude that the trial court erred in striking Karnofel's motion for relief from judgment. Karnofel's first assignment of error, as it relates to the striking of her motion for relief from judgment, has merit.
 {¶ 16} This matter is being remanded to the trial court for the trial court to rule on Karnofel's motion for relief from judgment. Thus, the trial court will be issuing a new judgment entry addressing the merits of Karnofel's motion. Because Karnofel's remaining assignments of error challenge the trial court's actions in relation to the April 2006 judgment entry, they are moot. See App.R. 12(A)(1)(c).
 {¶ 17} On remand, the trial court should invite the parties to brief the issues in light of the guidance set out by the Supreme Court of Ohio in GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. In addition, the parties should be cognizant of the law of the case doctrine: *Page 5 
 {¶ 18} "The law of the case is a longstanding doctrine in Ohio jurisprudence. `[T]he doctrine provides that the decision of the reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' Nolan v. Nolan [(1984),11 Ohio St.3d 1, 3.] The doctrine is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution. State ex rel. Potain v. Matthews (1979),59 Ohio St.2d 29, 32." Hopkins v. Dyer, 104 Ohio St.3d 461, 2004-Ohio-6769, at ¶ 15.
 {¶ 19} Finally, although Karnofel does not challenge the trial court's prohibition against the filing of subsequent pleadings in this matter, App.R. 12(A)(2) allows an appellate court to consider issues not briefed by the parties. State v. Peagler (1996), 76 Ohio St.3d 496, 499. "Generally, when a court of appeals chooses to consider an issue not briefed by the parties, the court should notify the parties and give them an opportunity to brief the issue." State v. Blackburn, 11th Dist. No. 2001-T-0052, 2003-Ohio-605, at ¶ 45, citing State v. Peagler,76 Ohio St.3d at 499, fn. 2. In this matter, we do not believe additional briefing by the parties is necessary. First, we note we are remanding the matter to the trial court on other grounds, due to the trial court's failure to rule on the Civ.R. 60(B) motion. Second, the prohibition is clearly beyond the authority of the trial court without the institution of a vexatious litigator action under R.C. 2323.52.
 {¶ 20} The trial court lacked authority to direct Karnofel not to file future pleadings. Its prohibition challenges the fairness of the judicial process. Under Section 16, Article I, of the Ohio Constitution, "[a]ll courts shall be open[.]" This principle of "open courts" is not without its limitations. For example, the vexatious litigator statute, *Page 6 
R.C. 2323.52, makes an exception to the "open courts" rule and has been held to be constitutional. Mayer v. Bristow (2000), 91 Ohio St.3d 3, paragraph one of the syllabus. That statute requires the filing of a civil action in the court of common pleas to have a person declared to be a vexatious litigator. If such order is granted, it is possible to prohibit that person from filing pleadings in a municipal court without obtaining prior leave of that court. R.C. 2323.52(D)(1). No such proceeding or order was pursued in this case. Thus, the trial court was without authority to prohibit Karnofel from filing future pleadings.
 {¶ 21} The judgment entry of the trial court is reversed, and this matter is remanded to the trial court for further proceedings consistent with this opinion.
 COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1