MEMORANDUM OPINION
{¶ 1} On May 28, 2008, appellant, Delores M. Karnofel, filed pro se notices of appeal from a May 15, 2008 judgment entry and a May 20, 2008 judgment entry of the *Page 2 
Girard Municipal Court. These appeals were consolidated by this court on June 20, 2008.
 {¶ 2} On June 12, 2008, appellee, Trumbull Memorial Hospital and Its Employees, filed a motion to dismiss the appeal in 11th Dist. No. 2008-T-0043. Since the appeals are now consolidated, we will construe the motion to dismiss as being filed in both appeals. Appellee alleges that the appeals were not timely filed and, therefore, this court does not have the jurisdiction to consider them.
 {¶ 3} On June 16, 2008, appellant filed a response to appellee's motion to dismiss.
 {¶ 4} The record in this matter indicates that this case was remanded to the trial court on December 31, 2007. Pursuant to our remand, the trial court, on February 27, 2008, issued a judgment entry in which it overruled appellant's Civ. R. 60(B) motion. Appellant never filed an appeal from this order. Appellant had until March 28, 2008, to appeal the denial of her Civ. R. 60(B) motion. Instead, on March 5, 2008, she filed her first motion for reconsideration with the trial court. Subsequently, on May 14, 2008, appellant filed a motion for indigency status and a motion for a hearing on her motion for relief from judgment and another motion for reconsideration. On May 15, 2008, the trial court denied appellant's motion for hearing on her motion for relief from judgment and motion for reconsideration.
 {¶ 5} On May 20, 2008, appellant filed a motion for a hearing without costs and her third motion for reconsideration. The trial court denied appellant's motion for hearing without costs on that same date. *Page 3 
 {¶ 6} In 11th Dist. No. 2008-T-0043, appellant is attempting to appeal the May 15, 2008 order. In 11th Dist. No. 2008-T-0048, appellant is attempting to appeal the May 21, 2008 entry.
 {¶ 7} It is well established that the filing of a motion for reconsideration from a final order in the trial court is a nullity.Pitts v. Ohio Dept. of Transp. (1981), 67 Ohio St.2d 378, 381. See, also, Keyerleber v. Keyerleber, 11th Dist. No. 2007-A-0010,2007-Ohio-3018, at ¶ 3. Therefore, all judgments or orders from a motion for reconsideration are a nullity. Pitts at 381.
 {¶ 8} In the case at bar, appellant's motion for reconsideration did not toll the time for the appeal of the denial of her Civ. R. 60(B) motion. Furthermore, the May 15, 2008 judgment of the trial court denying appellant's motion for reconsideration is a nullity and cannot properly be appealed. Since the time has run to appeal the denial of the Civ. R. 60(B) motion, the present appeals are untimely in relation to the Civ. R. 60(B) motion.
 {¶ 9} Based upon the foregoing analysis, appellee's motion to dismiss is granted, and these appeals are hereby dismissed for lack of jurisdiction.
 {¶ 10} Appeals dismissed.
 COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1