OPINION
{¶ 1} Appellant, Delores Karnofel, appeals from the October 6, 2008 judgment entry of the Trumbull County Court of Common Pleas, granting the motion for summary judgment of appellee, Trumbull Memorial Hospital, and declaring appellant a vexatious litigator. On August 18, 2004, appellant filed a pro se medical malpractice claim against appellee and its employees in Girard Municipal Court, Case No. 2004 CVI 691.[1] At the *Page 2 
September 21, 2004 trial, appellant failed to present expert medical testimony. On November 3, 2004, the Girard Municipal Court ruled against appellant and in favor of appellee. Appellant appealed to this court, Case No. 2004-T-0145, and we affirmed on November 18, 2005. Kamofel v.Girard Police Dept., 11th Dist. No. 2004-T-0145, 2005-Ohio-6154. Appellant moved the Supreme Court of Ohio to accept jurisdiction of her appeal, Case No. 2006-0027, which the court declined on March 29, 2006.Kamofel v. Girard Police Dept., 108 Ohio St.3d 1512, 2006-Ohio-1329. Appellant petitioned the United States Supreme Court for a writ of certiorari, Case No. 06-6294, which the court declined on November 6, 2006. Kamofel v. Girard Police Dept. (2006), 549 U.S. 1022.
 {¶ 2} Appellant returned to the Girard Municipal Court, Case No. 2004 CVI 691, and filed a pro se motion for relief from the original November 3, 2004 decision, claiming newly discovered evidence. The municipal court struck appellant's motion and instructed her not to file further pleadings. Appellant appealed to this court, Case No. 2006-T-0063. On December 31, 2007, this court reversed and remanded the case on the grounds that striking the motion for relief from judgment was procedurally in error. Kamofel v. Girard Police Dept., 11th Dist. No. 2006-T-0063, 2007-Ohio-7114. Appellant refiled her motion for relief from judgment in the municipal court, which was overruled on February 27, 2008. On March 5, 2008, appellant filed a pro se motion for reconsideration, which the municipal court denied.
 {¶ 3} On March 11, 2008, appellee filed a complaint to declare appellant a vexatious litigator and for relief under R.C. 2323.52. On March 26, 2008, appellant filed a pro se "Motion to Dismiss" appellee's complaint. On March 28, 2008, appellant filed a pro se answer. On April 7, 2008, appellee filed a memorandum in opposition to *Page 3 
appellant's motion to dismiss. On that same date, appellant filed a pro se motion for indigency status with the Trumbull County Court of Common Pleas, as well as a response to appellee's memorandum in opposition to her motion to dismiss, and a revised answer, counterclaim and cross-claim. On April 15, 2008, the trial court denied appellant's motion for indigency status and her motion to dismiss. On April 16, 2008, appellant filed a pro se motion for reconsideration. Appellee filed a reply to appellant's counterclaim on April 17, 2008. On April 23, 2008, appellant filed a pro se response to appellee's reply to her counterclaim. The trial court denied appellant's motion for reconsideration on April 24, 2008. On April 28, 2008, appellant filed a pro se motion for the trial court to clarify its April 24, 2008 judgment entry, which was denied.
 {¶ 4} On April 30, 2008, appellant filed a timely notice of appeal with this court, which we dismissed. Kamofel v. Girard PoliceDept., 11th Dist. Nos. 2008-T-0043 and 2008-T-0048, 2008-Ohio-4414. Appellant appealed our decision to the Supreme Court of Ohio, Case No. 2008-2007, which did not accept her appeal for review. Kamofel v. GirardPolice Dept., 120 Ohio St.3d 1524, 2009-Ohio-614.
 {¶ 5} On August 28, 2008, appellant filed a pro se motion for summary judgment. On September 4, 2008, appellee filed a motion for summary judgment and a memorandum in opposition to appellant's motion for summary judgment. On September 17, 2008, appellant filed a pro se memorandum in opposition to appellee's motion for summary judgment.
 {¶ 6} Pursuant to its October 6, 2008 judgment entry, the trial court denied appellant's motion for summary judgment, granted appellee's motion for summary *Page 4 
judgment, and declared appellant a vexatious litigator.[2] It is from that judgment that appellant filed the present appeal in which she asserts the following assignments of error for our review:
 {¶ 7} "[1.] The trial court abused its discretion when it denied appellant's motion for indigency status.
 {¶ 8} "[2.] A reevaluation is needed to see if summary judgment was properly granted.
 {¶ 9} "[3.] Appellant was denied her state constitutional right under Section 16, Article I of the Ohio Constitution."
 {¶ 10} For ease of discussion, we will address appellant's assignments of error out of order.
 {¶ 11} In her second assignment of error, appellant argues that the trial court erred by granting appellee's motion for summary judgment and declaring her a vexatious litigator.
 {¶ 12} "This court reviews de novo a trial court's order granting summary judgment." Hudspath v. Cafaro Co., 11th Dist. No. 2004-A-0073,2005-Ohio-6911, at ¶ 8, citing Hagood v. Conrad, 11th Dist. No. 2000-T-0058, 2002-Ohio-3363, at ¶ 13. "`A reviewing court will apply the same standard a trial court is required to apply, which is to *Page 5 
determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law.'" Id.
 {¶ 13} "Since summary judgment denies the party his or her `day in court' it is not to be viewed lightly as docket control or as a `little trial.' The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In Dresher v.Burt [(1996), 75 Ohio St.3d 280, 296,] the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ. R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ. R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ. R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, * * *."Welch v. Ziccarelli, 11th Dist. No. 2006-L-229, 2007-Ohio-4374, at ¶ 40. (Parallel citation omitted.) *Page 6 
 {¶ 14} "The court in Dresher went on to say that paragraph three of the syllabus in Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, * * * is too broad and fails to account for the burden Civ. R. 56 places upon a moving party. The court, therefore, limited paragraph three of the syllabus in Wing to bring it into conformity withMitseff. (Emphasis added.)" Id. at ¶ 41. (Parallel citation omitted.)
 {¶ 15} "The Supreme Court in Dresher went on to hold that whenneither the moving nor nonmoving party provides evidentiary materials demonstrating that there are no material facts in dispute, the moving party is not entitled a judgment as a matter of law as the moving party bears the initial responsibility of informing the trial court of the basis for the motion, `and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. Id. at 276. (Emphasis added.)'" Id. at ¶ 42.
 {¶ 16} "Vexatious conduct" is the conduct of a party in a civil action that "obviously serves merely to harass or maliciously injure another party to the civil action," "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law," or "is imposed solely for delay." R.C. 2323.52(A)(2)(a) through (c). A "vexatious litigator" is "any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions." R.C. 2323.52(A)(3). *Page 7 
 {¶ 17} In the case at bar, viewing the evidence in a light most favorable to appellant, although she may have had a good faith basis for filing the original August 18, 2004 pro se complaint in the Girard Municipal Court, she learned at trial that a medical malpractice claim must fail without expert testimony regarding the applicable standard of care and a breach of that standard of care. See Bruni v. Tatsumi (1976),46 Ohio St.2d 127, 130-132. Over four years later, appellant continues to pursue the claim even though she cannot present any such expert testimony. Her medical negligence claim has never been supported by a "good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.52(A)(2)(b).
 {¶ 18} In opposing appellee's motion for summary judgment, appellant failed to present any evidence of the type listed in Civ. R. 56(C) to demonstrate that a genuine issue of material fact exists. Appellant's baseless claim and conduct against appellee clearly falls within the legal definition of vexatious conduct. As such, the trial court properly declared her a vexatious litigator.
 {¶ 19} Appellant's second assignment of error is without merit.
 {¶ 20} In her third assignment of error, appellant alleges that she was denied her constitutional rights.
 {¶ 21} Under Section 16, Article I, of the Ohio Constitution, "[a]ll courts shall be open * * *[.]" This principle of "open courts" is not without its limitations. For example, the vexatious litigator statute, R.C. 2323.52, makes an exception to the "open courts" rule and has been held to be constitutional. Mayer v. Bristow (2000), 91 Ohio St.3d 3, paragraph one of the syllabus. That statute requires the filing of a civil action in the court of common pleas to have a person declared to be a vexatious litigator. If such *Page 8 
order is granted, it is possible to prohibit that person from filing pleadings without obtaining prior leave of court. R.C. 2323.52(D)(1).
 {¶ 22} The Supreme Court of Ohio in Mayer determined that "R.C. 2323.52 is not arbitrary or unreasonable, nor does it deny vexatious litigators their constitutional right of access to the courts."Mayer at 16. Thus, the Mayer court held that "R.C. 2323.52 is constitutional it its entirety under Section 16, Article I of the Ohio Constitution." Id.
 {¶ 23} In the instant matter, appellant has not been denied any constitutional rights.
 {¶ 24} Appellant's third assignment of error is without merit.
 {¶ 25} In her first assignment of error, appellant contends that the trial court erred when it denied her motion for indigency status.
 {¶ 26} "The determination of indigence * * * `is typically granted liberally in order to preserve the due process rights of litigants and guarantee an access to judicial process and representation.' Evans v.Evans, [10th Dist.] Nos. 04AP-816 04AP-1208, 2005-Ohio-5090, ¶ 23. `While courts traditionally waive filing fees and costs for indigent persons in order to promote the interests of justice, it is within the court's discretion whether indigency status is proper in a particular case. The trial judge may consider whether a litigant has caused the court's limited resources to be expended needlessly in the past by filing numerous, repetitious, or frivolous complaints, whether the affidavit of indigency includes sufficient information concerning the litigant's financial condition, whether additional information is required, and whether the affidavit of indigency appears to be reasonable under conditions then existing.' Wilson v. Dept. ofRehab. *Page 9 and Correction (2000), 138 Ohio App.3d 239, 243 * * * (citations omitted)." Guisinger v. Spier, 166 Ohio App.3d 728, 2006-Ohio-1810, at ¶ 6. (Parallel citation omitted.)
 {¶ 27} In the case sub judice, it does not appear from the record that a filing fee of $43.00 was prohibitive or in any way prevented appellant from pursuing her claims. There is no evidence which would demonstrate that the fee was unreasonable or unduly burdensome to appellant. Due to appellant's history of filing pleading after pleading with no legal basis, the trial court did not err by not granting appellant indigency status, as there is no right to indigency status in a civil appeal. See, e.g., Jackson v. Herron, 11th Dist. No. 2004-L-045, 2005-Ohio-4039, at ¶ 12 (holding that court costs and fees may be imposed on an indigent civil litigant.)
 {¶ 28} Appellant's first assignment of error is without merit.
 {¶ 29} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
MARY JANE TRAPP, P.J., DIANE V. GRENDELL, J., concur.
[1] Appellant's complaint alleged a wrongful detention by the Girard Police Department, the Girard Fire Department, Douglas and Donna Beck, and that malpractice was committed by appellee and Northcoast Behavioral Healthcare in misdiagnosing her medical condition.
[2] On October 10, 2008, appellant filed a pro se motion for reconsideration, which was denied by the trial court on October 20, 2008. On November 4, 2008, appellant filed a pro se "Motion for Indigency Status" with this court. On December 3, 2008, this court construed appellant's pro se motion as a motion to waive the cost deposit required by Loc. R. 3(B)(1), which was granted to the extent that no deposit for costs in this appeal would be required. *Page 1