[Cite as *Karnofel v. Girard Police Dept.*, 2013-Ohio-5270.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| DELORES M. KARNOFEL, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2013-T-0093** |
| GIRARD POLICE DEPARTMENT, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Girard Municipal Court, Case No. 2004 CVI 691.

Judgment: Appeal dismissed.

*Delores M. Karnofel,* pro se, 1528 Greenwood Avenue, Girard, OH 44420 (Plaintiff-Appellant).

*Girard Police Department,* pro se, 100 West Main Street, Girard, OH 44420, and *Girard Fire Department,* pro se, 105 East Liberty Street, Girard, OH 44420 (Defendants-Appellees).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Delores M. Karnofel, a declared vexatious litigator under R.C. 2323.52, moves this court for leave to proceed with the instant appeal from the trial court's judgment entered August 23, 2013. In that entry, the trial court denied appellant leave to proceed to file a successive Civ.R. 60(B) motion seeking relief from an earlier final judgment that had fully disposed of the merits of the underlying civil case.

{¶2} Appellant initiated this matter in August 2004 when she filed a small claims complaint asserting a claim for medical malpractice and a claim for wrongful

detention. After a hearing on the merits, the magistrate ruled in favor of the defendants. In April 2005, the trial court adopted the decision and final judgment was entered in the defendants' favor as to each claim. Appellant appealed the matter and, in *Karnofel v. Girard Police Dept.*, 11th Dist. Trumbull No. 2004-T-0145, 2005-Ohio-6154 ("*Karnofel I'*), this court affirmed the trial court's judgment.

{¶3} Approximately five months later, appellant filed her first Civ.R. 60(B) motion for relief from the trial court's April 2005 judgment. The trial court ordered the motion to be stricken from the record and further ordered appellant not to submit any further pleadings. Appellant appealed that order and this court, in *Karnofel v. Girard Police Dept.*, 11th Dist. Trumbull No. 2006-T-0063, 2007-Ohio-7114 ("*Karnofel II'*), held the trial court lacked authority to prohibit appellant from filing future pleadings. The matter was accordingly reversed and remanded.

{¶4} In February 2008, on remand, the trial court entered judgment overruling appellant's Civ.R. 60(B) motion. Appellant did not appeal this determination, but, instead, moved the trial court to reconsider its judgment. The trial court denied the motion to reconsider and appellant sought to appeal that ruling. In *Karnofel v. Girard Police Dept.*, 11th Dist. Trumbull Nos. 2008-T-0043 and 2008-T-0048, 2008-Ohio-4414 (*"Karnofel III'*), this court dismissed the appeal, holding a motion for reconsideration is not recognized under the Ohio civil rules. Consequently, this court reasoned, the motion was a nullity and any judgment premised upon such a motion is also a nullity. Because appellant failed to appeal the final order denying her Civ.R. 60(B) motion within 30 days of its entry, this court dismissed appellant's appeal.

{¶5} Approximately six months after the foregoing dismissal, appellant filed her second motion for relief from the April 2005 judgment. This motion was denied on

2

February 27, 2009. During the time between this court's dismissal in *Karnofel III*, and the filing of her second Civ.R. 60(B) motion, appellant was declared a vexatious litigator under R.C. 2323.52 in a separate civil case before the Trumbull County Court of Common Pleas. Thus, when appellant sought to initiate an appeal of the February 2009 judgment, she was required to submit an application to proceed pursuant to R.C. 2323.52(F)(2).

{¶6} Appellant filed an application for leave to proceed and, after considering appellant's position, this court denied the motion. *See Karnofel v. Girard Police Dept.*, 11th Dist. Trumbull No. 2009-T-0045, 2009-Ohio-4446 ("*Karnofel IV*"). This court determined that the arguments in appellant's second motion for relief from judgment referred to points which were, or could have been, considered in the context of prior appeals. This court concluded appellant failed to raise any viable grounds for Civ.R. 60(B) relief and therefore the appeal was dismissed.

{¶7} On August 20, 2013, appellant filed a motion for leave to proceed in the trial court for purposes of filing a third Civ.R. 60(B) motion for relief from the April 2005 judgment. The motion was denied and appellant filed the instant appeal. She is now before this court seeking leave to proceed.

{¶8} R.C. 2323.52(D)(3) provides that once an individual is declared a vexatious litigator, he or she cannot commence any type of legal proceeding before an Ohio appellate court unless he or she has first obtained leave from that specific court to go forward. R.C. 2323.52(F)(2) states that a vexatious litigator should not be granted leave to go forward unless the appellate court "is satisfied that the proceedings or application are not an abuse of process and that there are reasonable grounds for the proceedings or application."

3

{¶9} Given the nature of the judgment entry in the instant appeal, our determination of whether "reasonable grounds" exist for this proceeding must focus upon the substance of her third motion for relief from the April 2005 final judgment. That is, this court must decide whether that motion set forth any viable argument for relief under Civ.R. 60(B).

{¶10} To prevail on a Civ.R. 60(B) motion, the movant must show that (1) he or she has a meritorious claim or defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds set forth under Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where relief is sought under Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered. *GTE Automatic Elec. Inc. v. ARC Indus., Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶11} Appellant, in her application for leave, outlines the basis for her third motion for relief. Appellant contends she has set forth an adequate basis for relief pursuant to Civ.R. 60(B)(5). In particular, appellant contends the trial court's April 2005 judgment was a product of fraud due to alleged bias and a reliance on fabricated evidence.

{¶12} Preliminarily, appellant's argument that the judgment was based upon fraud relates to Civ.R. 60(B)(3). Because the third motion for relief was filed more than eight years after the April 2005 judgment, it is untimely as a matter of law.

{¶13} Even, however, if we construed the motion as a Civ.R. 60(B)(5) motion, the "catch-all" provision of the rule, appellant still fails to assert a viable argument. In her application, appellant asserts the April 2005 judgment was a result of fraud because the original trial judge held a bias against her and the judge, as well as opposing

4

counsel, "fabricated evidence."  Appellant fails to provide any basis for these claims. Instead, she merely asserts a circular argument to support her allegations; to wit: she claims the court was biased because it based its decision on fabricated evidence.  To establish her allegation that the judgment was premised on fabricated evidence, however, appellant points to the court's alleged bias.

{¶14} Appellant's argument does not set forth evidence of fraud.  Rather, it simply assumes what she needs to establish; namely, some substantive and reasonable basis upon which her allegations of bias and/or evidential fabrication could be grounded.  We therefore hold the argument(s) advanced in appellant's third Civ.R. 60(B) motion do not state a viable ground for relief.   Appellant has consequently failed to set forth reasonable grounds for proceeding.

{¶15} Pursuant to the foregoing analysis, appellant's motion for leave to proceed is denied.  It is the order of this court that the instant appeal is hereby dismissed.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.