[Cite as *Johnson v. Summit Cty. Court of Common Pleas*, 2015-Ohio-211.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| CINSEREE JOHNSON, | : | **O P I N I O N** |
| Relator, | : | |
| - vs - | : | **CASE NO. 2014-G-3207** |
| SUMMIT COUNTY COURT OF COMMON PLEAS, PSYCHO DIAGNOSTIC CLINIC, et al., | : | |
| Respondents. | : | |

Original Action for a Writ of Prohibition.

Judgment: Petition dismissed.

*Cinseree Johnson, pro se,* 12450 Merritt Road, Chardon, OH 44024 (Relator).

*Sherri Bevan Walsh,* Summit County Prosecutor, and *Colleen M. Sims,* Assistant Prosecutor, Summit County Safety Building, 53 University Avenue, Akron, OH 44308 (For Respondent, Summit County Court of Common Please, Psycho Diagnostic Clinic)

*James R. Flaiz,* Geauga County Prosecutor, and *Rebecca F. Schlag,* Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, OH 44024 (For Respondent, Geauga County Court of Common Pleas).

THOMAS R. WRIGHT, J.,

{¶1} Relator, Cinseree Johnson, moves this court for leave, as a vexatious litigator, to maintain a prohibition action against respondents, the Geauga County Court of Common Pleas and the Summit County Court of Common Pleas Psycho Diagnostic Clinic. Relator asserts that respondents must be enjoined from exercising jurisdiction

over her because: (1) the Geauga County court lacks territorial jurisdiction over the charged crimes in the underlying criminal case; and (2) the Geauga County court committed plain error in ordering her to undergo a competency evaluation after she was tried and found guilty of two offenses. For the following reasons, leave to proceed is denied.

{¶2} As an initial point, the dissenting opinion asserts that a sentencing judgment has been issued in the underlying criminal action, thereby rendering the merits of relator's prohibition petition moot. However, if such a judgment does exist, a copy of it has not been introduced into the record of this proceeding. Specifically, respondents have not moved to dismiss this case on the grounds of mootness, and attached a certified copy of the purported judgment to the motion.

{¶3} It is important to note that this proceeding is not a direct appeal, but instead is an original action in prohibition. In such an action, this court is not engaging in appellate review, but is acting as a trial court. In turn, as a trial court, the scope of our ability to take judicial notice is limited:

{¶4} "'A trial court may not take judicial notice of prior proceedings in the court, but may only take judicial notice of prior proceedings in the immediate case.' *Diversified Mortgage Investors, Inc. v. Athens Cty. Bd. of Revision* (1982), 7 Ohio App.3d 157, 159, * * *. See, also, *D & B Immobilization Corp. v. Dues* (1997), 122 Ohio App.3d 50, 53, * * *; *In re Knotts* (1996), 109 Ohio App.3d 267, 271, * * *; *Woodman v. Tubbs Jones* (1995), 103 Ohio App.3d 577, 580, * * *; *State v. Velez* (1991), 72 Ohio App.3d 836, 838, * * *; *Kiester v. Ehler* (1964), 9 Ohio App.3d 52, 56, * * *; *Burke v. McKee* (1928), 30 Ohio App. 236, 238, * * *. 'The rationale for this holding is that, if a trial court takes

notice of a prior proceeding, the appellate court cannot review whether the trial court correctly interpreted the prior case because the record of the prior case is not before the appellate court.' *Dues, supra,* at 53. See *Deli Table, Inc. v. Great Lakes Mall* (Dec. 31, 1996), Lake App. No. 95-L-012, 1996 Ohio App. LEXIS 5930, at 13; *Phillips v. Rayburn* (1996), 113 Ohio App.3d 374, 379, 1996 Ohio App. LEXIS 570." *State v. Blaine*, 4th Dist. Highland No. 03CA9, 2004-Ohio-1241, ¶17.

**{¶5}** Even if the separate prior case was heard by the identical trial court, that court cannot take judicial notice of any determination made in the separate case. Rather, any detail about the separate case can only be established through the submission of evidence. *In re Pyle*, 7th Dist. Belmont No. 91-B-27, 1992 Ohio App. LEXIS 2263, *3 (May 6, 1992).

**{¶6}** Given that the criminal action against relator is a separate case from this original action, this court cannot take judicial notice of any new decisions in the criminal case. In the absence of any evidence from the parties regarding new proceedings in the criminal case, the scope of our review is limited to the allegations in relator's prohibition petition. Thus, we will address the merits of relator's motion for leave to proceed.

**{¶7}** "As a general proposition, a writ of prohibition will be issued only when the relator can demonstrate that: (1) a lower court or judicial officer is preparing to exercise its judicial authority in a matter; (2) the proposed use of that authority is not permissible under the law; and (3) there is no alternative legal remedy the relator could employ to achieve the identical results. *State ex rel. The Leatherworks Partnership v. Stuard*, 11th Dist. No. 2002-T-0017, 2002-Ohio-6477, at ¶15. As to the second and third elements

for the writ, this court has emphasized that the absence of an adequate legal remedy is not necessary when the lack of judicial authority to act is patent and unambiguous; i.e., if the lack of jurisdiction is clear, the writ will lie upon proof of the first two elements only. See *State ex rel. Biros v. Logan*, 11th Dist. No. 2003-T-0016, 2003-Ohio-5425, at ¶11. However, if the lack of jurisdiction is not patent and unambiguous, the fact that a party can appeal a lower court's decision bars the issuance of the writ because, when a court has general jurisdiction over the subject matter of a case, it has the inherent authority to decide whether that jurisdiction has been properly invoked in a specific instance. *State ex rel. Hummel v. Sadler*, 96 Ohio St.3d 84, 2002-Ohio-3605, * * *, at ¶21." *State ex rel. Godale v. Geauga Cty. Ct. of Common Pleas, Judicial Branch*, 166 Ohio App.3d 851, 2006-Ohio-2500, ¶6 (11th Dist.). *See, also, State ex rel. Swanson v. Hague*, 11th Dist. Ashtabula No. 2009-A-0053, 2010-Ohio-4200, ¶32-33.

{¶8} As to the standard to be applied in determining whether the alleged lack of jurisdiction is patent and unambiguous, this court has held:

{¶9} "'* * * [I]f there is no set of facts under which a trial court or judge could have jurisdiction over a particular case, the alleged jurisdictional defect will always be considered patent and unambiguous. On the other hand, if the court or judge generally has subject matter jurisdiction over the type of case in question and his authority to hear that action will depend on the specific facts before him, the jurisdictional defect is not obvious and the court/judge should be allowed to decide the jurisdictional issue.' *State ex rel. The Leatherworks Partnership v. Stuard*, 11th Dist. No. 2002-T-0017, 2002-Ohio-6477, at ¶19." *McGhan v. Vettel*, 11th Dist. Ashtabula No. 2008-A-0036, 2008-Ohio-6063, ¶52.

{¶10} In her amended prohibition petition, relator alleges that she was charged and tried on two fifth-degree felonies. She also asserts that the Geauga County Court of Common Pleas has no authority to go forward in the criminal case because, even if she committed either of the charged crimes, they occurred in Cuyahoga County, not Geauga County.

{¶11} Given that a common pleas court has original jurisdiction over all felony cases, *see State v. Hobbs*, 9th Dist Summit No. 25379, 2011-Ohio-3192, ¶25, the Geauga County court has general jurisdiction over the subject matter of the underlying case. Furthermore, the determination of whether that court has territorial jurisdiction over the two alleged crimes will turn upon the specific facts proven by the state at trial. As a result, the Geauga County court has the authority to make the initial determination on the territorial jurisdiction issues, and appellant has an adequate legal remedy through a direct appeal of her conviction and sentence.

{¶12} As the second basis for her amended petition, relator submits that the Geauga County court has exceeded the scope of its jurisdiction by ordering her to undergo a competency evaluation under R.C. 2945.37. First, she contends that such an order is only permissible prior to the commencement of the criminal trial. Second, she maintains that she cannot be compelled to take a psychiatric evaluation when she has never raised her state of mind as an issue in the case.

{¶13} "Pursuant to R.C. 2945.37(B), the issue of competency may be raised by the court, prosecutor, or defense. Under the statute, however, a hearing is required only where objections are raise *prior* to trial. If the issue is raised during trial, R.C. 2945.37(B) mandates a hearing 'only for good cause shown.'" (Emphasis sic.) *State v.*

*Marquez*, 11th Dist. Ashtabula No. 2007-A-0085, 2008-Ohio-5324, ¶43.

{¶14} In *Marquez*, the issue of the defendant's competency was not raised until the day of his sentencing hearing. In reviewing the merits of the trial court's decision to deny a competency evaluation, the *Marquez* court stated that the determination to "hold a competency hearing after the commencement of trial is a matter within the trial court's discretion and will not be reversed absent evidence that the court abused its discretion." *Id.* at ¶44.

{¶15} Under the foregoing authority, a common pleas court has the authority to order a competency evaluation even after the beginning of a criminal trial, so long as good cause exists. Moreover, it is not necessary that the issue be asserted by the defendant herself; i.e., the issue can be raised by the trial court sua sponte. Therefore, given the nature of the competency determination, any error in the court's disposition of the issue does not affect the court's subject matter jurisdiction over the case, but only constitutes an improper exercise of jurisdiction. *State ex rel. Mason v. Sheldon*, 6th Dist. Lucas No. L-12-1247, 2012-Ohio-4869, ¶8. As a non-jurisdictional dispute, any error in the disposition of a competency issue must be contested in a direct appeal of the conviction and sentence. *Id.* at ¶7.

{¶16} In light of this precedent, relator could not prove a set of facts under which she would be entitled to a writ of prohibition to enjoin the Geauga County court from enforcing its "evaluation" order. Similarly, a writ will never lie to enjoin the Summit County Psycho Diagnostic from conducting the competency evaluation.

{¶17} Finally, as part of a preliminary statement in her amended petition, relator includes a request for the issuance of a writ of procedendo. However, the body of the

6

amended petition does not contain any separate allegations in support of that request.

{¶18} After a person has been designated a vexatious litigator, she cannot institute new proceedings before an appellate court unless that court is satisfied that there are reasonable grounds for the new proceeding and no abuse of process will take place if the matter goes forward. *Karnofel v. Girard Police Dept.*, 11th Dist. Trumbull No. 2013-T-0093, 2013-Ohio-5270, ¶8, quoting R.C. 2323.52(F)(2). In light of our conclusion that relator's petition fails to state a viable claim for the writ, she has not established reasonable grounds to maintain the action. Therefore, since relator cannot satisfy both requirements for leave under R.C. 2323.52(F)(2), leave is denied.


TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____


COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶19} The following eight cases have been filed by Cinseree Johnson and are currently pending in this court: *Johnson v. Geauga County Court of Common Pleas,* 11th Dist. Geauga No. 2014-G-3206 (writ of prohibition); *Johnson v. Summit County Court of Common Pleas, Psycho Diagnostic Clinic, et al.,* 11th Dist. Geauga No. 2014-G-3207 (writ of prohibition); *State v. Johnson*, 11th Dist. Geauga No. 2014-G-3215 (delayed appeal and notice of voluntary dismissal); *State v. Johnson*, 11th Dist. Geauga No. 2014-G-3219 (appeal); *State v. Johnson*, 11th Dist. Geauga No. 2014-G-3223

7

(appeal); *State v. Johnson*, 11th Dist. Geauga No. 2014-G-3229 (appeal); *State v. Johnson*, 11th Dist. Geauga No. 2014-G-3230 (appeal); and, *State v. Johnson*, 11th Dist. Geauga No. 2014-G-3231 (appeal). All relate to the same underlying criminal action, *State v. Johnson*, Geauga C.P. No. 12C000142. Ms. Johnson requests various, and often conflicting, relief from this court. All were filed before the trial court sentenced her.

{¶20} The majority denies the petitions for writs finding Ms. Johnson cannot meet the standards for obtaining leave to file the petitions. It dismisses the appeals because appellant is a vexatious litigator, and has not sought leave of this court to appeal. R.C. 2323.52(D)(3).

{¶21} I am aware that the courts of Ohio have held that once a person is designated a vexatious litigator, he or she must seek leave of court to pursue any action in a court of appeals, even in the criminal setting. *See, e.g.*, *Baumgartner v. Duffey*, 121 Ohio St.3d 356, 2009-Ohio-1218, ¶3. I respectfully question this position. The vexatious litigator statute, by its terms, is directed at people who "habitually, persistently, and without reasonable grounds [engage] in vexatious conduct in a *civil* action or actions." (Emphasis added.) R.C. 2323.52(A)(3). I agree the restrictions placed on vexatious litigators are not reserved simply for civil actions, by the plain language of the statute. *See, e.g.*, R.C. 2323.52(D)(3). However, "[i]t is a cardinal rule of statutory construction that a statute should not be interpreted to yield an absurd result." *Mishr v. Poland Bd. of Zoning Appeals*, 76 Ohio St.3d 238, 240 (1996). I do not see how applying the restrictions of the vexatious litigator statute to criminal proceedings, instituted by the state against an individual, forwards the obvious purpose

8

of the statute, which is to prevent frivolous civil actions.

{¶22} As the majority notes the trial court filed its judgment entry of sentence December 8, 2014. This is a final appealable order. Consequently, I would dismiss the petitions for writs as moot, accept the various appeals as prematurely filed under App.R. 4, and consolidate them for disposition. I would further appoint appellant counsel for purposes of appeal.

{¶23} I respectfully dissent.