[Cite as *State v. O'Halloran*, 2021-Ohio-1521.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-34 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-79 |
| | : | |
| JAMES M. O'HALLORAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of April, 2021.

. . . . . . . . . . .

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, 61 Greene Street, Suite 200, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

APRIL CAMPBELL, Atty. Reg. No. 0089541, 46½ North Sandusky Street, Delaware, Ohio 43015
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** Defendant-appellant James M. O'Halloran appeals from the judgment of the Greene County Common Pleas Court, which convicted him of three counts of rape and one count each of gross sexual imposition and importuning. Specifically, O'Halloran challenges the sentences imposed on the rape offenses. For the reasons set forth below, we conclude the trial court erred in sentencing. Accordingly, the judgment is reversed and remanded for resentencing.

## I. Facts and Procedural History

**{¶ 2}** On January 23, 2020, O'Halloran was indicted on three counts of rape in violation of R.C. 2907.02(A)(1)(b), with notice that the offense was subject to the sentencing provisions in R.C. 2971.03. He was also indicted on one count of gross sexual imposition and one count of importuning. The victim was under the age of 13 at the time of the offenses.

**{¶ 3}** A plea hearing was conducted on June 12, 2020, during which the court noted that O'Halloran had executed a plea form. The form indicated that the counts of rape carried "a mandatory sentence of 10 years to life imprisonment." Plea Agreement (June 12, 2020). The court also informed O'Halloran at the hearing that the rape charges "carr[ied] a mandatory prison sentence of a minimum of ten years to a maximum of life imprisonment." Plea Tr. p. 11. The court went on the state, "I do wish to advise you that in regard to the three Rape counts, there is a minimum of ten years as to each individual count for parole consideration." *Id.* at p. 11-12. Further, the court stated, "If you are to be released from prison, that would be a decision by the parole board, which they'll make if they choose to do so. Upon release from prison, you will be on parole[.]"

*Id.* at p. 15. After otherwise being appropriately informed of his rights, O'Halloran entered a plea of guilty to all five charges.

**{¶ 4}** A sentencing hearing was conducted on August 6, 2020. The trial court sentenced O'Halloran to a "definite prison term" of "life" for each of the counts of rape, to a prison term of 36 months for importuning, and to 60 months for gross sexual imposition. Judgment Entry of Conviction. The latter two sentences were ordered to run consecutively to each other and to the rape sentences. Thus, the aggregate sentence imposed by the court was "a total sentence of life plus eight years of which life is a mandatory term." *Id.*

**{¶ 5}** O'Halloran appeals.

## II. Analysis

**{¶ 6}** The sole assignment of error asserted by O'Halloran states:

O'HALLORAN'S SENTENCES FOR COUNTS ONE THROUGH THREE SHOULD BE MODIFIED TO TEN-YEARS-TO-LIFE, RATHER THAN LIFE, BECAUSE THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN SENTENCING HIM TO LIFE.

**{¶ 7}** O'Halloran asserts the trial court erred by sentencing him to life prison terms on each of the rape counts. He asserts the trial court was statutorily obligated to sentence him to a minimum of 10 years to a maximum of life on each count. The State concedes the error. However, the State asserts that, on remand, the trial court should be instructed to order the sentences for all five counts to run consecutively, for an aggregate term of 38 years to life.

{¶ 8} O'Halloran was convicted of three counts of rape in violation of R.C. 2907.02(A)(1)(b). When considering a sentence for that specific offense, we look first to R.C. 2907.02(B), which provides that, except for certain circumstances not applicable here, "an offender under division (A)(1)(b) of this section shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code." The portion of R.C. 2971.03 applicable to this case provides that the court shall impose a minimum term of 10 years and a maximum term of life imprisonment. R.C. 2971.03(B)(1)(a).

{¶ 9} Under the facts of this case, R.C. 2971.03(B)(1)(a) was the only applicable sentencing statute. However, the trial court did not impose the sentence mandated by that statute. Instead, the trial court converted an indefinite sentence required by statute into a de facto definite sentence, and in so doing, it exceeded its sentencing authority. *See State v. Duncan*, 2d Dist. Clark No. 2016-CA-77, 2017-Ohio-8103, ¶ 14. Therefore, we find O'Halloran's assignment of error well-taken and conclude the trial court erred in sentencing.

{¶ 10} We next address the State's assertion that the trial court should impose consecutive sentences regarding all five convictions on remand, for an aggregate sentence of 38 years to life, of which 38 years is mandatory. In support, the State argues that such a sentence is permissible because the trial court made the requisite findings for the imposition of consecutive sentences. We disagree.

{¶ 11} "Sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant." *State v. Henderson*, 161

Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 1. *Henderson* further explained that "[a] judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant." *Id.* at ¶ 34. Thus, when the sentencing court has jurisdiction to act, sentencing errors "render the sentence voidable, not void, and the sentence may be set aside if successfully challenged on direct appeal." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 42.

{¶ 12} Here, there is no dispute that the trial court had subject matter jurisdiction over O'Halloran's case and had personal jurisdiction over him. *See Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1, ¶ 8 ("[A] common pleas court has subject-matter jurisdiction over felony cases."). There is also no question that the court had personal jurisdiction. *See Johnson v. Geauga Cty. Court of Common Pleas*, 11th Dist. Geauga No. 2014-G-3206, 2015-Ohio-210, ¶ 11 ("[P]ersonal jurisdiction exists when the defendant has been properly served with the indictment.). Thus, O'Halloran's sentence could only be challenged by an objection made at the sentencing hearing or on direct appeal. *Henderson* at ¶ 27, 40, 43.

{¶ 13} App.R. 3(C)(1) provides that "[a] person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, in the event the judgment or order may be reversed or modified, an interlocutory ruling merged into the judgment or order, shall file a notice of cross appeal within the time allowed by App.R. 4." The State did not file an appeal or cross-appeal seeking to challenge the sentence imposed for the rape convictions or the trial court's erroneous conclusion that it could not consider consecutive sentences as to the rape counts. Thus, the State cannot challenge the issue of consecutive sentencing on appeal.

Further, the trial court did not make the required consecutive findings as to the three rape sentences. Instead, the court only made the consecutive findings so that the importuning and gross sexual imposition sentences could be served consecutively to each other and to the rape sentence.

{¶ 14} Based upon the foregoing, O'Halloran's sole assignment of error is sustained.

## III.    Conclusion

{¶ 15} O'Halloran's assignment of error having been sustained, the trial court's judgment of August 6, 2020, is reversed, and the matter is remanded for resentencing in accordance with this opinion.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Marcy A. Vonderwell
April Campbell
Successor to Hon. Stephen Wolaver